The opinion of the Court was delivered by
Duncan J.
The error complained of is, that some of the words in the second count are not actionable ; and for this reason the judgment is vicious, although there are other words in the count which are actionable. Words to be actionable, must import an imputation of some crime liable to punishment; some capital offence or other infamous crime or misdemeanour; and this without the aid of epithets affixed in the declaration. There was a time, and it is a reproach to the law that such time ever was, that Courts employed all their faculties in conjecturing a mode in which words might possibly be innocently spoken. But the doctrine has been long since exploded, that dubious words are to be taken in mitiori sersa. They are not now construed in a rigid or mild sense, but according to their genuine and natural meaning, and agreeably to the common understanding of all men. 2 Mod. 159. 10 Mod. 197. Cowp. 959. 5 Johns. 224. 1 Dall. 114. 2 Dall. 59. “ It is not worth while,” observed Chief Justice Holt, in Baker v. P-— Ld. Raym. 959. 6 Mod. 23, “ to be very learned as to this point; for when words tend to slander a man and take away his reputation, I shall be for supporting actions for them for the preservation of the peace. I remember a story told by Mr. justice Twisden, of a man who had brought his action for slanderous words, importing a felony; who being in - Court when the rule for arresting the judgment was made • absolute, declared in Court, that if he had thought he should not have recovered in the action, he would have cut the defendant’s throat.” It was once holden, that no action lies, for these words. “ Sir Thomas Holt struck his cook in the head with a cleaver, and divided his head; the one part lay on one shoulder, and another part on the otherbecause, forsooth, it was not averred that the cook was killed; for, peradventure, the wound might not be mortal. Cro. Jac. 184. So, to say, “ he did bum my barn,” without saying there was corn or hay therein. So to say, he has poisoned J. S.: *393 for a man may be poisoned and survive it. But this is not now the law. Where words are even doubtful, the jury put their meaning on them. 2 W. Bl. 962. Cowp. 271. Peake v. Oldham. In this case, Lord Mansfield exclaimed, “ what, after a verdict, shall the Court be guessing and inventing a mode in which it might be barely possible that the words were innocently spoken.” The defendant in the same instant said, Catharine Bloom hath stolen ten dollars; she stole a ten dollar note. Now the jury have very properly found, that the inuendoes were true; that the defendant intended by a ten dollar note, the note of an incorporated bank: a note of which larceny might be committed; from the whole frame of the words demonstrating, they were spoken, by way of imputation of a larceny. The jury have found, that the defendant meant a charge of larceny. The words importing a felony, it was incumbent on the defendant to shew they were used in a different sense. For the common acceptation of words is the true rule. 12 Mass. Rep. 498. It is not necessary that the defendant should have used technical language, and have stated the charge with the accuracy necessary in an indictment. If the words be understood only as conveying a criminal charge, and would be so understood by those who should hear them, the Court cannot say, they are not actionable. Now here, in this country, where bank notes are the usual currency, to say that one has stolen a ten dollar note, conveys to all understandings, the meaning found by the jury; to wit, a bank note which could be the subject of theft, and no other note, and this was the imputation intended to be cast. But it is equally clear in this case, .that after verdict, the damages will be considered as given for the words which are actionable. The decisions are numerous, and without variation. Without going through them, they are all collected by Sergt. Williams in the notes to his edition of Saunders, 2 Saund. 171; to which, for the sake of brevity, I refer: and the principle is, that if an action be brought for speaking words, all at one time, that is, all in one count, and there is a verdict for the plaintiff, though some of the words will not maintain the action, yet if any of the words will, the damages may be given entirely; for it shall be intended, that the damages were given for the words which are actionable, and that the others were inserted only for aggravation. It would be shocking to *394 common sense to say, that the words, which shewed the malice of the defendant, however opprobrious they might be, but giving no cause of action, should -destroy a verdict which founj tpe publishing of the actionable words laid in the declaration, when even other conversations, and conversations subsequent to bringing the writ, not affording a new ground of action, may be given in evidence to prove the malice of the defendant.
Judgment affirmed.