## EATON vs. WHITE.

1. SLANDER — PLEADING. In a declaration for slander, the plaintiff may set forth the alleged slanderous words in various forms of expression in the same count, without rendering it objectionable on demurrer, for duplicity or multifariousness.

2. SAME. Where the slanderous words charged were that the defendant kept a whore house, the defendant pleaded, by way of justification, in substance, that the plaintiff had and kept in his house a lewd woman, who there frequently committed fornication with one C. L. A.; and that by reason thereof the defendant stated, in the conversation alluded to, in substance, that plaintiff allowed whoring to be carried on in his house night after night in succession, without taking measures to stop it.

Eaton vs. White.

*Held,* that the plea did not answer the declaration, was argumentative, and did not amount to a justification, and was, therefore, bad on demurrer.

3. EVIDENCE. It is a presumption of law, in the absence of any evidence to the contrary, that every witness is a person of truth and veracity; and it is not error to allow a party calling a witness to prove that his character in this respect is good.

4. SLANDER — EVIDENCE. In an action for slander, it is not competent to ask of the parties who heard the speaking of the words how they understood them at the time; but it is competent to show the circumstances under which they were spoken, and any explanation of the words given at the time by the defendant.

5. SAME. In an action for slander, it is allowable to show that the defendant, at the time of speaking the words, made such explanation of them as took away the imputation of crime, or to show that the words spoken had reference to a transaction well known, and understood by all his hearers not to be criminal; but, in order to amount to a defense, it must be shown that all who heard the words spoken, understood them in the same restricted or mitigated sense.

6. SAME. Under the plea of the general issue in an action for slander, evidence in justification cannot be received. As to the particular proof offered and excluded, see the opinion of the court.

ERROR to the District Court for *Fond du Lac* County. The case is fully stated in the opinion of the court.

*T. O. Howe,* for plaintiff in error.

*A. W. Stow,* for defendant in error.

DUNN, C. J. The action in the court below was on the case, for verbal slander, brought by *White* against *Eaton,* and decided at the May term, 1846. The declaration contains but one count, and alleges the same slander, in various modes of expression, and a demurrer was filed to the declaration. It was objected that the declaration was multifarious, repugnant and uncertain. Upon inspection of the record we find that the crime imputed to *White* by *Eaton* is that he, *White* "keeps a whore house," an indictable defense if true, and words of slander actionable in themselves. This offense is imputed in various forms of expression, in the present and past tense, and so varied and alleged in the declaration. Some of the forms of expression alleged, may not by strict construction be

actionable in themselves.   It is now well settled that the plaintiff may adopt this form of declaring in the same count, and if he, in any one or more of the varied forms, alleges the speaking of words not actionable, there being words alleged really actionable, the former, on demurrer, will be rejected as words of aggravation only, and the demurrer will be overruled.   The district court decided correctly in overruling the demurrer to the declaration. 5 Serg. & Rawle, 393 ; 2 Saund. 307, A. and note 1 ; 2 East, 438 ; 6 Wend. 407, 412 ; 3 Wils. 185.

The general issue and a special plea were pleaded after the overruling of the demurrer.   The plaintiff demurred to the special plea, and assigned as causes of demurrer, "that the plea, though professing to, does not answer the whole declaration ; that the facts set forth in the plea do not amount to a justification ; and that the plea is argumentative."   Either of these reasons is sufficient to sustain the demurrer.   The doctrine of pleading is too well settled on these points to require comment.   The plea is liable to all the objections taken.   The substantial part of the plea avers, that "before the said first day of September, eighteen hundred and forty-five, at Calumet (the time and place of the speaking) the plaintiff did have and keep in a certain house, which the plaintiff then and there occupied, a certain married woman by the name of S. D., who was a lewd woman, and the said S. D. did, while in the house of the said plaintiff, at divers and frequent times, commit the crime of fornication with one C. L. A., then and there being an unmarried man, whereupon the said defendant saith that afterward, to wit, on the said first day of September, eighteen hundred and forty-five, he did speak and publish in the presence of William H. Blodgett and Jacob B. Atkins the following words, that is to say, ' You call *George White* a gentleman ; a man that allows whoring to be carried on in his house night after night in succession, and never takes any measures to put a stop to it.   If such are your gentlemen, I wish to be delivered from the style and title as

long as I live;'" concluding in the usual form of a plea of justification. The allegations of the declaration which charge the speaking of actionable words are not answered by this plea; it is no justification of actionable words, and is argumentative.

The court below decided correctly in sustaining the de murrer to the plea. 1 Chitty's Plead. 494.

On the trial, one John Hofscheldt testified on behalf of plaintiff, that among other things, he was present at a conversation, at the blacksmith shop of Mr. Jacob Atkins at Calumetville, between *Rufus P. Eaton*, and Dr. Wm. H. Blodgett; that said *Eaton* appeared very much exasperated at certain proceedings had at a school meeting that day at which the said Blodgett presided; that said *Eaton* insisted that said Blodgett was not a legal voter. Said Blodgett said he knew nothing about the business; that he went into the meeting and a gentleman asked him to take the chair; that Mr. *Eaton* exclaimed, "What! do you call that a gentleman, a man who keeps a whore house day after day and night after night?" George W. Featherstonaugh also testified on behalf of the plaintiff, and on cross-examination by defendant testified that soon after the commencement of the present suit, the witness, John Hofscheldt told him (at his request) the language used by the said *Eaton* at the shop of Mr. Atkins, but said that the language used by *Eaton* was, "He kept a whore house and would do it again." On examination by defendant's counsel, he was asked, "What was the character of the said John Hofscheldt for truth and veracity?" To this question the defendant's counsel objected, for the reason that the witness Hofscheldt had not been impeached. The objection was overruled and the question answered. Error is assigned on this ruling of the court below. The defendant attempted in his cross-examination of the witness Featherstonaugh to weaken or impair the testimony of the witness Hofscheldt and unquestionably the defendant had a perfect right, and it was his duty to the witness to

sustain him, by proof of good character, for truth and veracity. It is not required by the rules of evidence to prove for a witness a good character for truth and veracity before it is impeached ; the law always presuming so much in favor of every witness. If it were allowed, however, to either party, the other could not assign it as error, as it would be for his benefit if made out, and fatal to his adversary if not proven, after he had undertaken it. We see no error in this ruling of the court below. The plaintiff's witnesses, Featherstonaugh, Blodgett and Hope, after having proven the actionable words in one or the other of the forms of expression averred in the declaration, were, upon cross-examination by defendant's counsel, asked, "how they understood the words spoken at the time." This question was objected to and ruled out by the court, the judge deciding that the witnesses might and should testify to any explanation given by the defendant of his words at the time they were spoken, but having testified to the words used it was not competent for the witnesses to say how they understood them. This ruling is also assigned as error. It is the settled doctrine, that a defendant in an action of slander, may prove on the trial that, at the speaking of the words, he made such explanation as took away the imputation of crime to the plaintiff; or he may prove that the words spoken had reference to a transaction made known to and understood by all the hearers, and which transaction was not legally criminal, thus showing that the words were spoken in a mitigated sense and not in a sense containing an imputation of crime to the plaintiff.

The question by defendant's counsel is not embraced in either of these rules. It certainly does not seek to elicit any words of explanation given by defendant at the time of speaking the words ; nor does it tend to show that the words spoken were in reference to a transaction understood by and known to all the hearers, which was not criminal. If it has been proposed by defendant's counsel to prove by all the witnesses who heard the speaking of

the words, that they understood them to refer to a transaction not criminal, then there could have been no objection to questions tending to prove such understanding by each witness who had heard the words spoken. But in this case the witness, Hofscheldt, had been fully examined on direct and cross-examination and dismissed from the stand, without being interrogated by defendant's counsel as to whether he did or not understand the words in the mitigated sense. It must be shown that all who heard the words spoken, understood them in the same mitigated sense or it will be no defense to the action. The court ruled correctly on this point. *Laine v. Wells*, 7 Wend. 175; *Phillips v. Barber*, id. 439.

The defendant, by his counsel, offered to prove on the trial by John J. Driggs, William McGee and Rev. Henry Coleman, "that the plaintiff did allow criminal intercourse between Mr. and Mrs. D——, at his house with full knowledge of the facts, and without making any objection; and further, the defendant offered to prove by the same witnesses that the above fact was charged against the plaintiff at an ecclesiastical trial of the plaintiff, had long before the alleged speaking of any slanderous words by the defendant, and upon that trial the plaintiff was found guilty of the above charge and was suspended from the ministry. And further, to prove that plaintiff boarded and supported one of the parties to this intercourse after it had taken place, and endeavored to elevate him to office."

The court, upon objection being made, refused to permit the defendant to make such proof, deciding "that it would not justify the language used by the defendant, if proved; and that it could not be proved under the general issue." The proof offered is justification if any thing, and cannot be received under the general issue. The court below decided correctly that the facts would not amount to justification if proven. There is no plea of justification in the case. The ruling was proper. 1 Chitty's Plead.

494.   We are of opinion that the judgment of the district court of Fond du Lac county be affirmed, with costs. Ordered accordingly.