## STERN VS. KATZ.

SLANDER. — *Words actionable* per se.    *Pleading.*

The complaint, in slander, avers that the parties, having been partners in business, agreed to terminate the partnership, but were unable to settle their partnership affairs; that they submitted the difference arising on their final accounting to arbitrators, who made a certain award, which is recited; that, notwithstanding such award, defendant continues to give out that plaintiff greatly cheated him; and that, at a specified time and place, in the hearing of certain persons named, defendant said of and concerning plaintiff: "These books (meaning the firm books of the parties) must be in court. For he is a swindler and thief, and stole eight thousand dollars from me." *Held,* on demurrer,

1. That the words recited, unqualified by averment, are actionable *per se*, as they charge a crime.

2. That if it appeared from the complaint that the words were spoken and understood merely as charging that plaintiff had made false entries in the account books of the firm, and in that manner alone had stolen from the defendant, and in that sense alone was a thief, the words would not be actionable *per se*, and the complaint would be bad for lack of an averment of special damage.

3. That there are no sufficient averments in the complaint to justify the court in holding that the words recited were used in the limited sense just mentioned, and it is doubtful whether there are sufficient averments to support the *innuendo* that the words "these books" refer to the firm account books at all; and hence an order overruling the demurrer is affirmed.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for slander. It is alleged in the complaint that the parties had been partners in business, and had agreed to terminate that relation, but were unable to settle their partnership affairs, and that thereupon they submitted the matters of difference arising on their final accounting, to the decision of three arbitrators, who made an award in writing, wherein and whereby, among other things, it is found and determined as follows: "*H. Katz* claims that it was wrong to charge interest and rent up semi-annually. We consider this claim not valid;"

and the arbitrators proceed to state the reasons why they so decide. The complaint further alleges that, notwithstanding such award, the defendant continues to give out and assert that the plaintiff had greatly cheated him, and that, in particular, at a certain time and place therein specified, and in the presence and hearing of certain persons therein named, the defendant said of and concerning the plaintiff, "These books" (meaning the firm books of the parties) "must be in court. For he is a swindler and thief, and stole eight thousand dollars from me."

The defendant demurred to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action; and he appealed from an order overruling the demurrer.

*Jenkins, Elliott & Winkler*, for appellant:

It is evident from the complaint that the words "thief" and "stole" were used in such connection with other words, and under such circumstances, as to denote means of getting property dishonestly which do not amount to larceny or any other criminal offense. The charge was simply that of fraud, and therefore not actionable without special damages; and these are not alleged. *Terwilliger v. Wands*, 17 N. Y., 54; *Hallock v. Miller*, 2 Barb., 630; *Linden v. Graham*, 1 Duer, 670.

*Cotzhausen, Sylvester & Scheiber*, for respondent:

1. It is admitted that the words alleged *prima facie* import a charge of larceny. If from all the circumstances they were susceptible of a different construction, it was for the jury to pass upon the intent. 1 Starkie on Slander, 45, 60. 2. There is nothing in the previous allegations of the complaint qualifying the *prima facie* import of the words. While words apparently actionable may be explained by the context, they remain actionable if unexplained at the time when spoken, if the hearer does not understand the circumstances rendering them innocent. 1 Starkie, 99; 16 Pick., 1. 3. The object of alleging circumstances which happened prior to the speaking of the words, was

Stern vs. Katz.

to lay the foundation for proving actual malice.    Such allegations were proper for that purpose.    2 Starkie on Slander, 53–55.

LYON, J.    The words charged in the complaint to have been spoken by the defendant of and concerning the plaintiff, standing alone and not being qualified by averment, are slanderous *per se*, in that they import a charge of crime.    Yet were there averments in the complaint showing that the words were spoken and understood merely as charging that the plaintiff had made false entries in the account books of the firm, and in that manner alone had stolen from the defendant, and in that sense alone was a thief, the words would not be actionable *per se*, and in the absence of averment of special damage the complaint would be bad.    *Filber v. Dautermann*, 28 Wis., 134, is such a case.

After careful scrutiny of the complaint, we are unable to say that the alleged slanderous words do not impute larceny to the plaintiff.    There are no sufficient averments by way of inducement or otherwise, in the complaint, to justify us in holding that the words "for he is a swindler and thief, and stole eight thousand dollars from me," signify merely that the plaintiff had made false charges against the defendant in the account books of the firm ; and it is quite doubtful whether there are sufficient averments to support the *innuendo* that the words "these books " refer to the firm account books at all.    See *Weil v. Schmidt*, 28 Wis., 137.

Although it contains much irrelevant matter, we think the complaint states a cause of action, and hence we must affirm the order overruling the demurrer thereto.

*By the Court.* — Order affirmed.

RYAN, C. J., took no part in the decision of this cause.