# CASES

## IN THE

# APPELLATE COURTS OF ILLINOIS.

### THIRD DISTRICT—MAY TERM, 1894.

## William Claypool v. Allie E. Claypool.

1. SLANDER—*The Word "Bitch" Not Actionable in Itself.*—The term bitch applied to a woman does not, in its common acceptance, imply that she is guilty of adultery or fornication, and is not actionable in itself.

2. SAME—*What the Word "Whore" Implies.*—The term whore does not necessarily imply, in common parlance, that a woman is promiscuous and mercenary in the matter of lewdness.

3. SAME—*Pleading Innuendos.*—Where, in slander, the declaration charged the actionable words to be "bitch" and "whore," an innuendo that the plaintiff had been guilty of mercenary and promiscuous lewdness, is too broad.

**Memorandum.**—Action for slander. In the Circuit Court of Menard County; the Hon. CYRUS EPLER, Judge, presiding. Declaration in case; pleas of the general issue and justification; trial by jury; verdict and judgment for plaintiff: appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

*Copy of the Declaration:*

Plaintiff alleges that on the 18th day of January, 1894, at said county, in a certain discourse which the defendant had then and there in the presence of divers persons, of and concerning plaintiff, the defendant falsely and maliciously spoke and published of and concerning the plaintiff the false, scandalous, malicious and defamatory words, to wit: "She (meaning the plaintiff) is a dirty little strumpet, and shan't live with Ed (meaning the plaintiff's husband) any more." "She (meaning the plaint-

iff) is a damned dirty little whore, and Ed (meaning the plaintiff's husband) shall never live with her (meaning plaintiff) any more." "She (meaning the plaintiff) is a dirty little bitch, and if you had been here a little sooner you would have heard the God damned hussy read my pedigree" (meaning the defendant and speaker's pedigree.) " She (meaning the plaintiff) is a dirty whore, and I intend to run her off the farm." " She (meaning the plaintiff) is a low down dirty little strumpet, and shall never live with Ed (meaning the plaintiff's husband) again; " meaning and intending thereby to charge that the plaintiff was a lewd woman and had been guilty of adultery, and was in the business of having sexual intercourse with men promiscuously for money. Damages claimed $20,000.

## STATEMENT OF THE CASE.

The appellee recovered a judgment against the appellant in an action on the case for slander. The declaration as amended, charged in the usual various forms of expression that defendant had applied the terms whore, strumpet and bitch to the plaintiff, with the innuendo that he thereby meant and intended to charge that the plaintiff was a lewd woman and had been guilty of adultery, and was in the business of having sexual intercourse with men promiscuously for. money. The defendant pleaded the general issue and special pleas of justification, charging the plaintiff with lewd acts with certain men named, and with others whose names were unknown.

To these special pleas the court sustained a demurrer and required them to be amended so as to aver that the lewdness therein set up as a justification for the speaking of the words in the declaration alleged was for hire.

The jury found for plaintiff and assessed the damages at $5,000. Judgment was rendered accordingly.

APPELLANT'S BRIEF, T. W. McNEELY AND BLANE & BLANE, ATTORNEYS.

" An innuendo is not an averment of facts, but is an inference of reasoning. Its sole purpose is explanatory, and the only question which it raises is whether the explanation given is a legitimate deduction from premises stated, and it belongs to the court." " When improperly framed it may

justify a demurrer." 1 Hilliard on Torts, 364; 2 Greenleaf on Ev., Sec. 417; Brown v. Burnett, 10 Ill. App. 279; Newell on Libel and Slander, 619, 620.

The innuendo can do nothing more than refer back to the facts stated in the inducement. For the truth of an innuendo must always appear from precedent averments, and the inducement and colloquium must warrant the innuendo. Taylor v. Kneeland, 1 Doug. (Mich.) 67; Newell on Libel and Slander, 619.

An innuendo means nothing more than the words " *id est*," " *scilicet*," or " meaning," or " aforesaid," as explanatory of a matter sufficiently expressed before. Rex v. Horne, 2 Cowper 688; Reg v. Virrier, 4 P. & D. 161.

In McLaughlin v. Fisher, 136 Ill. 111, on page 116, the court said:

" It is not permissible to enlarge and extend the meaning of the words spoken beyond their natural import, by the innuendo, except so far as such enlarged meaning is warranted by prefatory matter set forth in the inducement or colloquium. An innuendo is properly used to point the meaning of the words alleged to have been spoken in view of the occasion and circumstances, whether appearing in the words themselves, or extraneous, prefatory matters alleged in the declaration. It is explanatory of the subject-matter sufficiently already stated and it can not extend the natural meaning of the words unless there is something averred in the prefatory part of the declaration for it to explain, or to which it may properly extend them." Newell on Libel and Slander, 619–630; McLaughlin v. Fisher, 32 Ill. App. 54; 1 Hilliard on Torts, 370; Townsend on Slander, Secs. 335, 336, 337; McCuen v. Ludlam, 2 Harr. 12; Dorsey v. Whipps, 8 Gil. (Md.) 457; Patterson v. Wilkinson, 55 Me. 42.

The word " bitch " as set out in the declaration not being actionable *per se*, could not be rendered so by the innuendo without a prefatory averment of specific facts which would make it slanderous. Roby v. Murphy, 27 Ill. App. 394; McLaughlin v. Fisher, *supra;* Newell on Libel and Slander, 161–162; K—— v. H——, 20 Wis. 252; Frank v. Dunning,

38 Wis. 270; Shurick v. Kollman, 50 Ind. 336; Townshend on Slander, 336.

As to the actionable words " whore" and "strumpet" no innuendo was necessary, although the appellee is bound by it as to the meaning of appellant in using the words. As to the word "bitch" the innuendo was useless without the necessary preceding inducement pointing the meaning of the word as slanderous. But in either case the innuendo could not be proven, for it does not present an issue of fact. Its truth or falsehood is never a question of fact for the jury, and an issue taken upon its truth is immaterial. Fry v. Bennett, 5 Sandf. 54, 7 Eng. 625; 1 Hilliard on Torts, 364; Newell on Libel and Slander, 156–157.

In actions for defamation witnesses can not be allowed to testify as to the meaning which they understood the defamatory matter to convey. Newell on Libel and Slander, 308.

When words are *prima facie* defamatory no parol evidence is admissible at the trial to explain their meaning. Carroll v. White, 33 Barb. (N. Y.) 615; Brittain v. Allen, 3 Dev. (N. C.) 167; Levi v. Milne, 4 Bing. 195; Odgers' Libel and Slander, 106.

It is now well settled that in an action for slanderous words the words are to be taken in their usual, general, popular and natural sense. 1 Hilliard on Torts, 274.

A witness may testify to the words as spoken, together with all attendant circumstances and connections, the extrinsic facts, and after having done so it is for a jury to determine from the evidence who was meant and what was meant. Van Vechin v. Hopkins, 5 Johns. 211; Gibson v. Williams, 4 Wend. 320; Snell v. Snow, 13 Met. 278; Rangler v. Hummell, 37 Penn. St. 130; White v. Sayward, 33 Me. 322.

APPELLEE'S BRIEF, CHARLES NUSBAUM AND H. W. MASTERS, ATTORNEYS.

Appellee contended that the word "bitch" is actionable as set forth in the declaration.

In the case of Roby v. Murphy, 27 Ill. App. 394, the court

Claypool v. Claypool.

held in that particular case that the word "bitch" of itself was not actionable, but in that case there was nothing in the declaration to show in what sense it was used.

In the declaration it is alleged that defendant "falsely and maliciously spoke and published of and concerning the plaintiff, the false, scandalous, malicious and defamatory words, to wit:" * * * "She (meaning the plaintiff) is a dirty little bitch," "meaning and intending thereby to charge that the plaintiff was a lewd woman and had been guilty of adultery, and was in the business of having sexual intercourse with men promiscuously for money." Appellee contended that the meaning ascribed to the word "bitch" in this case makes it actionable. As was said by Parke, B., in Hawkinson v. Bilby, 16 M. & W. 442, in reply to counsel who had quoted from Starkie on Slander, page 44, "The drift of Mr. Starkie's remarks is to show that the effect of the words used, and not the meaning of the party in uttering them, is the test of their being actionable; that is, first ascertain the meaning of the words themselves, and then give them the effect any reasonable bystander would affix to them. A man must be taken to mean what he utters." Nelson v. Borchenius, 52 Ill. 236.

It is insisted by appellant that the trial court committed error in allowing witnesses to testify as to the meaning which they understood the defamatory matter to convey, and in support of this position refers the court to Newell on Libel and Slander, 308; but Mr. Newell on page 311 of his book says, that the law is unsettled on this subject, and the rule in Illinois is "that the words must be construed in the sense which hearers of common and reasonable understanding would ascribe to them." "It may well be asked," says Lawrence, J., in Nelson v. Borchenius, *supra*, "what better guide there is in that inquiry than to ascertain how they were really understood by the bystanders. The essence of the inquiry is the effect created by the slanders upon the minds of the hearers.

To be excessive, damages must be so exorbitant as to shock the sense of the court, and satisfy it, after making a just allowance for difference of opinion among fair-minded men,

that they can not be accounted for except on the theory that, in the particular case, the proper fair-mindedness was wanting. Newell on Libel and Slander, Sec. 87, p. 911.

A judgment of $20,000 was sustained in the case of McLean v. Scripps, 52 Mich. 214.

A verdict of $4,000 held not excessive. Blakeman v. Blakeman, 31 Minn. 396.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

It will be noticed that by the innuendo the words charged are made to signify that the plaintiff was a lewd woman, that she had been guilty of adultery and was in the business of having sexual intercourse with men promiscuously for money, and the pleas of justification were required to meet this entire charge.

The term " bitch " applied to a woman does not in its common acceptance imply that the designated person is guilty of fornication or adultery and is not actionable *per se.* Roby v. Murphy, 27 Ill. App. 394.

The term " whore " does not necessarily imply, in common parlance, that the woman referred to is promiscuous and mercenary in the matter of lewdness. Under our statute it is actionable to falsely use words which in their common acceptance charge a person with fornication or adultery, and that is all that was necessarily implied by the words alleged in the amended count.

The innuendo was, therefore, too broad, and the theory upon which the case was put to the jury, that proof of any set of words alleged would warrant a recovery, unless it was shown that the plaintiff had been guilty of mercenary and promiscuous lewdness, was unsound, and was prejudicial to the defendant.

The damages are, in our opinion, excessive. It is unnecessary to discuss the evidence, but having carefully read it we are of opinion that in view of all the facts, the sum awarded is much too high, and that the jury were probably carried away by feeling or by some erroneous consideration. The judgment will be reversed and the cause remanded.