CLUTE, by guardian *ad litem*, Appellant, vs. CLUTE, Respondent.

*October 14 — November 1, 1898.*

*Slander: Pleading.*

In the absence of any popular usage giving to the words "match" or "matched" the meaning of illicit or criminal intercourse, the utterance concerning a married woman of the words "You have been going with E. You matched him" at certain places named, does not charge her with having had sexual intercourse with him. If there is any local or provincial use of the word which gives it that meaning, or if there were extrinsic circumstances by reason of which it was so understood by the hearers at the time the words were uttered, those facts should be alleged by way of inducement.

APPEAL from an order of the circuit court for Juneau county: O. B. WYMAN, Circuit Judge. *Reversed.*

This was an action for slander. The complaint, after alleging the appointment of a guardian *ad litem* herein, is as follows: "That plaintiff is a married woman, the wife of Harvey Clute. That on the 3d day of August, 1897, at the town of Lindina, in said county, the defendant, in the presence and hearing of Abijah Barnes and his wife, Ada Barnes, and of this plaintiff, maliciously spoke of and concerning the plaintiff the false and defamatory words following: 'You (the plaintiff meaning) have been going with Edd (meaning one E—— C——). You (the plaintiff meaning) matched him in the berry patch on the bluff, and here upstairs, and I saw you go up,'— meaning and charging that plaintiff had committed the crime of adultery with E—— C—— at the different places mentioned, whereby the plaintiff was injured in her reputation, to her damage three thousand dollars, for which sum she demands judgment." A general demurrer to this complaint was overruled, and the defendant appeals.

*H. W. Barney,* for the appellant.

For the respondent there was a brief by *Winsor & Gill,* and oral argument by *A. D. Gill.*

Lamb vs. The Chicago, Milwaukee & St. Paul R. Co.

WINSLOW, J.   The question arising is, Do the words set forth in the complaint charge sexual intercourse? We think not. Words are to be construed in the plain, popular sense in which people would naturally understand them. *Bradley v. Cramer*, 59 Wis. 309. We are not aware that the word "match" or "matched" has ever acquired the meaning of illicit or criminal intercourse. It is sometimes used as denoting honorable marriage, but the lexicographers go no further. If there was a local or provincial use of the word which gave it the meaning contended for, or if there were extrinsic circumstances by reason of which it was so understood by the hearers at the time the words were uttered, these facts should be alleged by way of inducement. Newell, Slander & L. (2d ed.), 603. The innuendo cannot enlarge the natural and ordinary meaning of the words.

*By the Court.*— Order reversed, and action remanded with directions to sustain the demurrer.