Robertson vs. Edelstein.

ROBERTSON, Appellant, vs. EDELSTEIN, Respondent.

*October 21— November 7, 1899.*

*Slander: Local meaning of word: Pleading: Court and jury.*

1. An allegation in a complaint for slander that a word, ordinarily not slanderous, is commonly understood at the place where it was spoken as charging a crime, is merely an allegation that the word is there ambiguous and *may* have the criminal meaning; and the question whether it is capable of such meaning in the light of the whole context is for the court, whether presented upon demurrer or by proof on the trial.

2. The words, "Get out of here, you son of a bitch. I know you are nothing but a damned old bitch," spoken of a married woman, cannot reasonably be construed as charging that she was a common whore or prostitute and was guilty of the crime of adultery, even though the word "bitch" was commonly understood to mean that, at the place where the words were spoken.

Robertson vs. Edelstein.

APPEAL from a judgment of the circuit court 'for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

Appeal from judgment for defendant entered upon sustaining a' demurrer *ore tenus* to the complaint, which alleges that the defendant, at the city of Superior, on May 14, 1898, in the presence of others, maliciously uttered of the plaintiff the words: "Get out of here, you son of a bitch. I know you are nothing but a damned old bitch,"— and meant thereby that the plaintiff was a common whore and prostitute, had been and was guilty of the crime of adultery with different men, and was addicted to promiscuous sexual intercourse. The plaintiff further alleged that the word "bitch," when spoken of a woman in said city of Superior, is commonly understood to mean a whore or prostitute, and commonly implies that the person of whom it is spoken has been and is such and is guilty of promiscuous sexual intercourse and unchaste conduct, of which the defendant had knowledge, and meant so to charge, and that the words were so understood by the hearers.

For the appellant there was a brief by *O'Brien & Vaughn,* and oral argument by *John H. Vaughn.*

For the respondent there was a brief by *Crownhart & Foley,* and oral argument by *C. H. Crownhart.*

DODGE, J. There is abundant authority, as intimated in, *Clute v. Clute,* 101 Wis. 137, for the proposition that a word may have a local or cant meaning other than its gen ral and accepted significance, and that if it be used and understood in such meaning, so that it does in fact charge the plaintiff with the commission of a crime, its use may be slander, as. much as the use of a word which, in proper significance, charges such crime. This rule, however, should be cautiously applied. The law is well settled, and based on the experience and wisdom of centuries, that an action of slander ought not to be maintained for mere abuse and vilification, in the absence of actual special damage. Such is not its

Robertson vs. Edelstein.

purpose, and the maintenance of such actions, therefore, would lead to a vast amount of unwise and unfortunate litigation. The law has wisely drawn the limitation, with exceptions not here material, at the point of charging a criminal offense by spoken words, and should not, by refinement, be extended beyond that point. An assertion merely of libidinous tendencies or general lewd conduct is not sufficient. *K—— v. H——*, 20 Wis. 239. Our language is full of words and expressions which are ambiguous, and which may mean one thing or another,— which may convey the idea of specific crime, but which ordinarily do not. The general and established meaning of a word is, of course, that which is to be presumed in any and all communities, and an allegation that the word has a certain peculiar and unusual meaning in certain localities can ordinarily mean no more than that it may have that meaning in addition to its proper and usual one. It imputes local ambiguity to a word otherwise single in meaning. The lexiconic significance of words of our own language is matter of judicial knowledge because of common knowledge. The allegations of this complaint, therefore, cannot be taken to mean that the word in question has been entirely transposed in its use in the city of Superior so as not to have that force which its use for centuries has given it in the English language, but merely that, in addition and under some circumstances, it has the other more specific and criminal meaning.

The particular word complained of has been many times the subject of discussion by courts, and its general and primary force and effect have been stated, as they were by this court in *K—— v. H——*, *supra*, to signify merely reproach or abuse, and not to convey a charge of any specific crime. *Schurick v. Kollman*, 50 Ind. 336; *Logan v. Logan*, 77 Ind. 558; *Claypool v. Claypool*, 56 Ill. App. 17; *Riddell v. Thayer*, 127 Mass. 490; *Craig v. Pyles* (Ky.), 39 S. W. Rep. 33; *Blake v. Smith*, 19 R. I. 476.

The effect, therefore, of the allegations by way of induce-

ment, as to the meaning of the word in Superior, is no more
than that it is there ambiguous and *may* have the criminal
meaning.   The meaning and significance with which it was
in fact used cannot be extended beyond its ordinary and
usual significance by innuendo, or an allegation of, what was
the meaning in fact.   *Clute v. Clute*, 101 Wis. 137.   It there-
fore must become the duty of the court, before submitting
the question to the jury, to examine the language used, and
ascertain whether therein the word is capable of the crim-
inal significance, or is used with its general and customary
meaning.   Any word, ambiguous itself, may be rendered
certain and definite by either the circumstances under which,
or the other words in connection with which, it is used.
*Riddell v. Thayer*, 127 Mass. 490.   If an innocent meaning
appears from the context or *colloquium*, it cannot be ex-
tended or diverted by the innuendo.   The question, then, is
not whether the word itself is capable of the slanderous
meaning, but Is it so capable in the light of the whole con-
text?   To illustrate: A charge of unchastity or adultery
could not exist in an assertion that a woman "is an old bitch
because she quarrels with her neighbors," or "is a bad woman
because she doesn't go to church."   Indeed, such apparently
unambiguous terms as "highwaymen, robbers, and murder-
ers," "steal," and "thief," have been held nonslanderous by
reason of the circumstances or context in which used.   *Stern
v. Katz*, 38 Wis. 136; *Van Rensselaer v. Dole*, 1 Johns. Cas.
279; *Fawsett v. Clark*, 48 Md. 494; *Hall v. Adkins*, 59 Mo.
144; *Thompson v. Bernard*, 1 Campb. 48; *McGilvray v.
Springett*, 68 Ill. App. 275.

If it appear that the expression as used could not natu-
rally and reasonably be understood by people of ordinary
understanding to charge the crime, it becomes the duty of
the court to hold it not slanderous, whether presented on
demurrer or by proof upon the trial.   *Montgomery v. Deeley*,
3 Wis. 709; *Campbell v. Campbell*, 54 Wis. 90; *Bradley v.*

Robertson vs. Edelstein.

*Cramer*, 59 Wis. 309; *Schild v. Legler*, 82 Wis. 73, 75; *Pandow v. Eichsted*, 90 Wis. 298; *Stroebel v. Whitney*, 31 Minn. 384; *Wing v. Wing*, 66 Me. 62; Townshend, Slander & L. §§ 133, 134.

Applying these principles, it is apparent that the phrase quoted and alleged as slander was upon its face merely abuse and reproach. The character of the plaintiff for chastity, or her guilt or innocence of the crime of adultery, does not appear to have been the subject of comment, but rather the desirability of her presence in defendant's place of business. The very epithets and profanity which pervade the sentence are of that unreasonable, inaccurate, and unmeaning character which are usually found in a verbal assault with the purpose of reproaching and insulting the person addressed, without purposing to make any specific charge, but merely to evince the exasperation and contempt of the person speaking. The whole manner and matter of the assault must, to the ordinary hearer, negative the idea that defendant meant to charge anything specific, or had any meaning or purpose other than to give vent to his own anger and to affront and hurt the feelings of the plaintiff. Exuberance of invective and meaningless epithet has often been recognized as cogent to refute a slanderous meaning in some of the words, which, if used deliberately and alone, would clearly charge crime. It evinces a heat of passion in some measure at least inconsistent with definiteness of meaning and choice of expressions. *Young v. Bridges*, 34 La. Ann. 333; *Penfold v. Westcote*, 2 Bos. & P. (N. R.), 335.

We are satisfied that, even though the word "bitch" alone may convey the idea of adulteress, or one given to promiscuous unchastity, the language alleged is not reasonably capable of the defamatory meaning ascribed to it by the innuendo, and could not in customary acceptation have been understood as charging the plaintiff with the crime of adultery by ordinary hearers having no more knowledge of the ap-

plication of that language than is furnished to the court by the inducement and *colloquium* set forth in the complaint. The exclusion of all evidence and judgment of dismissal for want thereof were therefore proper.

*By the Court.*— Judgment affirmed.