Egan v. Semrad, 113 Wis. 84.

Egan, Respondent, vs. Semrad, Appellant.

*January 10—January 28, 1902.*

*Slander: Pleading: Instructions to jury: Words actionable* per se:
*"Thief."*

1. In an action for speaking of the plaintiff, "You are a thief and a rogue, you cheated me out of more than one hundred pounds of oats," the complaint alleged that it was understood by the persons within hearing as charging, that, when plaintiff sold defendant oats, he sold him more than one hundred pounds of rocks and sand for oats. *Held,* on the language of the complaint, and the reasonable inferences therefrom, that it did not clearly appear that the pleader purposed to charge that the defendant asserted, on the occasion mentioned, that the plaintiff intentionally falsely represented the weight of the oats.

2. In such case, the evidence tended to show, that when the defendant called plaintiff a thief, he did so under such circumstances as to clearly indicate intention to charge him with having committed the wrong of having rocks in his wagon when the oats were weighed, and removing them before the empty wagon was weighed. *Held,* that it was error to instruct the jury, in effect, that if the defendant called plaintiff a thief, he accused him of having committed the crime of larceny, and was therefore, as a matter of law, guilty of an actionable wrong.

3. The word "thief" when applied to a responsible human being does not necessarily impute to him either the crime of larceny or any other criminal offense. If it is applied under such circumstances as to show that a criminal sense is not intended, the language is not actionable *per se.*

Appeal from a judgment of the circuit court for Iowa county: Geo. Clementson, Circuit Judge. *Reversed.*

Action to recover compensation for slander. The slanderous utterances claimed are as follows:

(1) "You are a thief and a rogue, you cheated me out of more than one hundred pounds of oats," meaning and being understood by said parties who were present and within hearing that when the plaintiff sold the defendant oats on the 17th day of February, 1900, that he, the plaintiff, sold him,

the defendant, more than one hundred pounds of rocks and sand for oats.

(2) "You are like Stephen Nankee, who sold sand for wheat at Muscoda," meaning and being understood by said parties who were present and within hearing of said defendant that he, the plaintiff, sold him, the defendant, sand for oats.

(3) "You are a thief and you stole my oats," meaning and being understood by said parties who were present and within hearing of said defendant, that he, the plaintiff, stole oats from him, the defendant.

The answer contained a general denial. It also contained an admission that at the time alleged in the complaint defendant charged plaintiff with having intentionally sold him rocks for oats. In connection with such admission defendant alleged that such charge was made in view of circumstances substantially as follows: Two days before the occurrence mentioned in the answer plaintiff sold defendant some oats. The grain was weighed with the wagon, at which time, without the knowledge of defendant, there were some rocks in the wagon under the bags of oats, and there was also in the wagon box a bag of some material not included in the deal, said rocks and partly filled sack being in the wagon to the knowledge of plaintiff. Before the empty wagon was weighed, plaintiff removed the rocks therefrom.

On the trial there was evidence tending to show that at the time and under the circumstances alleged in the complaint, defendant called plaintiff a thief, but did so under such circumstances as to clearly indicate that he meant only to charge plaintiff with having committed the wrong mentioned in the answer. Plaintiff testified that when on his way to market with the oats one of his wagon tires came off; that he picked up two rocks in or near the road and used them in putting the tire on; that he was obliged to lighten the front end of his wagon by moving the grain sacks back, in

order to put the tire in place, and that he deposited the rocks in the wagon box, thinking he might need them again, which he did before selling the oats to defendant; that after unloading the grain and weighing the wagon, he used the rocks a third time as before, and then thoughtlessly threw them on the ground; that when the wagon was weighed the second time everything was in it not theretofore delivered to defendant except the rocks; that on the following day he received his pay for the grain at the place where the same was left for him by defendant; that it was short to some extent; that on the following day he met defendant in a saloon, other persons being present, at which time defendant said in the hearing of such persons:

"You are a thief and a rogue, you cheated me out of more than one hundred pounds of oats. You are like Stephen Nankee who sold sand for wheat at Muscoda. You are a thief and you stole my oats."

. Such persons, or some of them, testified that defendant charged plaintiff with selling rocks for oats. On the whole, looking at the evidence as unfavorably as one reasonably can for defendant, it only tends to prove that on the occasion in question he publicly declared that plaintiff committed a fraud upon him in respect to the weight of oats sold to him as aforesaid, and did so by means of weighing some rocks .and a bag of material not in the deal with the oats.

The court instructed the jury that to say that a man is a thief is slander, and that if they were satisfied from the preponderance of the evidence that defendant charged plaintiff with being a thief, the latter was entitled to recover such sum as would justly compensate him for the injury to his feelings and the indignity put upon him thereby. The jury rendered a verdict in plaintiff's favor for $150. Proper exceptions were taken to preserve for review, among other questions, that of whether the trial court erred in charging the jury that if they were satisfied from the preponderance of the evi-

dence that defendant called plaintiff a thief, the latter was entitled to recover.

For the appellant the cause was submitted on the briefs of *Smelker & Smelker,* and for the respondent on that of *Coyne & Pollard.*

MARSHALL, J.   The trial court evidently concluded that, though the evidence warranted submitting the case to the jury on the question of whether defendant charged plaintiff with being guilty of obtaining money under false pretenses, the complaint was not broad enough to cover any charge other than that he accused plaintiff, in the presence and hearing of others, with having committed the crime of larceny; and that, as no application was made to amend the pleading in accordance with the evidence, all of which was admitted without objection, and in accordance with the admission contained in the answer, the cause should be left to stand on the issue as to whether defendant asserted, as alleged, that plaintiff was a thief.   We will not overrule the circuit court's construction of the pleading.   It does not so clearly appear, by the language of the complaint and the reasonable inferences to be drawn therefrom, that the pleader purposed thereby to charge that defendant asserted, on the occasion mentioned, that the former intentionally falsely represented the weight of the oats which he sold to the latter, that we should overrule the learned circuit judge on that question.   It follows that, if the independent statement contained in the pleading, that defendant, as therein alleged, charged the plaintiff with being a thief—in other words, with having committed the crime of larceny—was not sufficiently established by the evidence to carry the issue in that regard to the jury, then there is no sufficient ground for the recovery appealed from.

The foregoing leads to an examination of the instructions submitting the issue of whether defendant charged plaintiff with having committed the crime of larceny.   The learned

court said to the jury, in effect, that if defendant called plaintiff a thief, he accused him of having committed the crime of larceny. Manifestly, that was wrong, as applied to the evidence in this case. True, to say that a man is a thief, without any qualifying language or circumstances indicating to the contrary, is to say that he is guilty of having committed the crime of larceny, but the word "thief" when applied to a responsible human being does not necessarily impute to him either the crime of larceny or any other criminal offense. If it is so applied under such circumstances as to show that a criminal sense is not intended, the language is not actionable *per se*. There is no principle of the law of slander and libel better settled than that. The learned circuit court seems to have supposed that to say of another that he is a thief, regardless of circumstances, is to charge him with having committed the crime of larceny. There can be no mistake about that, as it seems, since, while the evidence tended to show that defendant, on the occasion in question, applied the word "thief" to plaintiff, he unquestionably did so with reference to the circumstance claimed to have occurred of having sold rocks for oats, and it was so understood by all persons who were present at the time.

It seems that we would not be justified in spending much time demonstrating what has been said as to the word "thief" not necessarily imputing the crime of larceny. The text on the subject in Townshend, Slander & L. 151, with such changes as to harmonize it with our system, under which language used of and concerning another in the presence and hearing of third persons, falsely charging such other with having committed a criminal offense, though it be less than a felony, is actionable *per se,* may be read as follows: To call one a thief is not actionable unless it is intended to impute to him a criminal offense. Unexplained it will be considered in a criminal sense, but it is subject to explanation

by the context. In *Stern v. Katz,* 38 Wis. 136, this language was used by the defendant:

"He (meaning the plaintiff) is a swindler and a thief and stole $8,000 from me."

It was held that the words, explained by the circumstances under which they were used, meant that the plaintiff, who was a partner of the defendant, had defrauded the latter by false entries upon the partnership books, not that he had committed the crime of larceny, and that they were not actionable *per se.* In *Filber v. Dautermann,* 28 Wis. 134, the alleged slanderous words were:

"You have cheated and robbed orphan children out of fourteen hundred dollars."

The complaint showed that the words were used in such circumstances as to indicate that the defendant meant that plaintiff committed the crime of larceny in the sense that he took the assignment of a note and mortgage from another, agreeing as the consideration thereof to support such other during his natural life; that the duration of such other's life was such that the plaintiff made a substantial profit by the transaction, and that he thereby obtained property from the assignor which would otherwise have gone to his minor children. It was held that the language, under the circumstances, did not impute to the plaintiff a crime and was not actionable *per se.* In deciding the case this court said, in effect, that while to say of another that he is a robber or stole from a third person, unexplained, is to impute to such other a criminal offense, in the circumstances under which the language in question was used it could not be said to impute any criminal offense.

The illustrations given render further discussion of the subject before us unnecessary. It is clear that the trial court erred in holding as a matter of law that, if the defendant used the word "thief" with reference to the plaintiff on the occasion in question, he was guilty of an actionable wrong.

There was really no question on the evidence as the pleadings stood, to go to the jury.

*By the Court.*—The judgment of the circuit court is reversed and the cause remanded for a new trial.