HAMLIN, Appellant, vs. FANTL, Respondent.

*June 4—July 3, 1903.*

*Slander: Evidence: Collateral circumstances: Instructions to jury: Intent in uttering slanderous words: Presumptions: Material error.*

1. In an action for slander it is error to hold that a previous controversy between plaintiff and defendant, of which the hearers of the slanderous words had no knowledge, may be offered in evidence and considered by the jury in deciding whether the words charged in the complaint, and conclusively proved to have been uttered, were used by defendant and understood by the hearers to charge merely that plaintiff had deprived defendant of certain lands, instead of having committed the crime of larceny, as would be the natural understanding of the words used.

2. In slander, the speaker of the slanderous words must be conclusively presumed to intend the meaning which his words will convey to the hearers in the light of all the circumstances known to them; the *gravamen* of the wrong is not the verbal assault upon the plaintiff, but the injury resulting to him from the effect upon others of the publication of the false defamatory charges.

3. In an action for slander it is error to instruct the jury that to warrant a verdict for plaintiff they must find that the slanderous words were not only understood but *intended* to charge the crime alleged.

4. Defendant, in an action for slander, testified that preliminarily to uttering the alleged slanderous words she asked plaintiff if he had received her notice, and was ready to give her her acre of land; to which plaintiff replied, using a vituperative epithet; whereupon defendant became very angry, told plaintiff that six months after her husband's death he had fenced in her land so she had ever since been deprived of it, and then said: "You are a stinker! You are a thief! You stole my land! You stole my money!" *Held*, that the unambiguous words "you stole my money" were in no wise qualified by the preceding words, but must have been understood as intending to charge something additional to, and distinct from, the act of depriving defendant of her land, which she characterized as stealing it.

5. In actions for speaking words alleged to be slanderous, when the language is unambiguous, it is error to leave its construction to the jury.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action for slander, in which the complaint alleged, and the evidence proved substantially without contradiction, that defendant said to and of the plaintiff, in the presence and hearing of others: "You stinker! Stinker! You robber! You thief! You stole my land. You stole my money"—which, according to all the witnesses except defendant, was all that was said upon the occasion. The defendant testified that, in addition and as preliminary to these remarks, she asked plaintiff if he was ready to open the fence for her, so that she could get her acre of land; to which, on repetition, the plaintiff had answered with a vituperative epithet; at which she became angry, and called him a "stinker," and said that her husband had been dead several years, and that six months after his death plaintiff had fenced up her land and kept her off of it. Defendant was then permitted, over objection, to prove the existence of a controversy between her and plaintiff over a certain acre of land which each of them claimed, and which was held in possession by the plaintiff, and as to which she had some time before caused to be served some notice or demand to remove fences. She offered no evidence that these facts were in any wise known to most of the bystanders in whose presence the defamatory language was uttered. After a verdict in favor of the defendant, and the overruling of a motion for a new trial on the ground, amongst others, that the verdict was contrary to the evidence, judgment for the defendant was entered, from which the plaintiff appeals.

For the appellant there was a brief by *Weed & Van Doren,* and oral argument by *R. N. Van Doren.*

For the respondent the cause was submitted on the brief of *A. M. Spencer,* attorney, and *John Bottensek,* of counsel.

DODGE, J.   The trial of this action was so pervaded by two errors that discussion of most of the specific assignments of error is rendered unprofitable, as they result from the view taken by the court upon the more general subjects.   The first of these two dominant errors consists in holding that a previous controversy between plaintiff and defendant, of which most of the hearers of the slanderous words had no knowledge, might be offered in evidence and considered by the jury in deciding whether the words charged in the complaint and conclusively proved to have been uttered were used by the defendant and understood by the hearers to charge merely that plaintiff had deprived her of certain lands instead of having committed the crime of larceny, as would be the natural understanding of the declaration, "You stole my money."   This view was not only impliedly declared by admitting evidence of such prior controversy, but also expressly by instructing the jury to consider that fact in deciding upon the meaning of the words used.   That words naturally charging a crime may be so qualified by the *colloquium* or by reference to circumstances as to make apparent that they charge an act, not a crime, is unquestionable.   *Robertson v. Edelstein,* 104 Wis. 440, 80 N. W. 724; *Egan v. Semrad,* 113 Wis. 84, 88 N. W. 906; *Carmichael v. Shiel,* 21 Ind. 66; Townshend, Sl. & Libel, § 134; 18 Am. & Eng. Ency. of Law (2d ed.) 987.   But obviously their natural meaning cannot be so qualified to the understanding of the hearers unless the latter know of the collateral circumstances.   To charge one with having murdered a person who is alive to the knowledge of all cannot be understood to charge the crime of murder, but, if any one of the hearers has no knowledge that such person is still alive, that fact can have no effect on the under-

standing he will acquire from the spoken words. It is there-
fore error to allow the jury to take such fact into considera-
tion in deciding whether the words used conveyed to the mind
of that hearer a charge of murder. Only by showing that
such collateral circumstances were known to all the hearers
can they constitute any defense. *Hankinson v. Bilby,* 16 M.
& W. 442; *Smith v. Miles,* 15 Vt. 245; *Hayes v. Ball,* 72
N. Y. 418, 420; *Eaton v. White,* 2 Pin. 42; *Delaney v. Kae-
tel,* 81 Wis. 353, 51 N. W. 559; Townshend, Sl. & Libel,
§§ 135, 136. In the present case the defendant made no at-
tempt to prove that any of the persons who heard her words
had any knowledge of the prior dispute with plaintiff of
which she offered evidence. On the contrary, it appeared
without controversy that all but one of them were wholly ig-
norant of any such circumstance. Hence the jury could not
properly consider it.

The error above discussed was emphasized to the jury and
rendered more likely to mislead them by the further direction
that to warrant verdict for plaintiff they must find that the
slanderous words were not only understood but *intended* to
charge larceny. Of course, the meaning which the utterer
intends to convey is not of itself material in an action of slan-
der, except perhaps as to actual malice. The *gravamen* of
that wrong is not the verbal assault upon the plaintiff, but
the injury resulting to him from the effect upon others of the
publication of false defamatory charges. That the words
were intended by the utterer and understood by plaintiff in
one sense is quite immaterial, if they naturally might be and
were understood in another by the hearers. The effect upon
them is what causes the plaintiff the damage recoverable in
an action of slander, not the attitude of defendant. *Eaton v.
White, supra; Delaney v. Kaetel,* 81 Wis. 356, 51 N. W.
559; *Hallam v. Post P. Co.* 55 Fed. 456; Townshend, Sl. &
Libel, § 139. Defendant must be conclusively presumed to

foresee the natural and probable effect of his acts, and to intend the meaning which his words will convey to the hearers in the light of all the circumstances known to them.

2. We are persuaded that the court also erred in submitting to the jury at all the question of a nonlibelous significance for the words concededly uttered. The collateral circumstance of a previous controversy being eliminated for the reasons above stated, there only remained to qualify the words charged in the complaint, certain preliminary remarks to which defendant alone testifies, without making very certain that they were so uttered as to be heard by the witnesses. Assuming that they were, however, we have, upon the evidence most favorable to defendant, the following, as the entire colloquy: She approached plaintiff. Asked if he had received her notice, and was ready to open his fence, so she could get her acre of land. Upon plaintiff's responding, "Go on, you old bitch," she became angry, and told him her husband was dead seven years, and six months after his death he (plaintiff) fenced up the land so she had been deprived of it ever since. She then said: "You are a stinker! You are a thief! You stole my land. You stole my money." We may concede that without the last assertion there might have been no slander *per se* in these words. The assertion, "You stole my land," of course charges no crime. The charge, "You are a thief," does, if unqualified, but very possibly the immediate connection with the charge of stealing land might, to the ordinary understanding, indicate that such mere epithet was, as often, used loosely, as charging only that form of dishonesty. But how any of the preceding words could, to ordinary understanding, qualify the unambiguous declaration, "You stole my money," is not apparent. No one could suppose that the idea of deprivation of the acre of land merely was intended to be expressed by the charge of stealing money. That final word, whether from one speaking accurately or colloquially, excludes any such ambiguity as might lurk in a charge that

"You stole from me," "You robbed me." The subject might be further enlarged upon, but it is unnecessary. To us it seems clear beyond doubt that "You stole my money" must have been understood as intended to charge something additional to, and distinct from, the act of depriving defendant of her land, which she characterized as stealing it. That being so, the duty of the court was to so rule. When language is unambiguous, its construction should not be left to the jury. By that very act the court impliedly declares that in his opinion it is open to more than one interpretation, and intimates that they may properly do that which cannot but be injustice to one party or the other. *Snyder v. Andrews,* 6 Barb. 43, 47; *Van Akin v. Caler,* 48 Barb. 58; *Hunt v. Bennett,* 19 N. Y. 173; *Bourreseau v. Detroit E. J. Co.* 63 Mich. 425, 433, 30 N. W. 376; *Robertson v. Edelstein,* 104 Wis. 440, 443, 80 N. W. 724; Townshend, Sl. & Libel, § 286 *et seq.* The court correctly stated to the jury that the speaking of the words charged was proved beyond controversy. He should have gone further and instructed them that such words constituted slander, which plaintiff substantially requested him to do. He should further have set aside the verdict as contrary to the evidence, upon plaintiff's motion.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.