Weil vs. Schmidt.

## WEIL VS. SCHMIDT.

| 28 | 137 |
| 81 | 180 |
| 28 | 137 |
| 83 | 398 |
| 28 | 137 |
| 90 | 301 |
| 28 | 137 |
| 92 | 135 |

SLANDER :  (1) *Rule for interpretation of the words charged.*  (2)· *Office of* innuendo.  (3) *Whether certain words actionable* per se.

1. In slander, the court, in determining whether the words spoken are actionable, must give to the language its usual signification, interpreting it as men who knew all the circumstances (alleged by way of inducement) would generally understand it.

2. The *innuendo* cannot enlarge the effect of the words, but its proper office is to point out their application to the facts previously alleged as inducement.

3. The complaint alleged in substance, that plaintiff owned a certain building in the village of A.; that it was insured; that it was accidentally burned; that the defendant knew these facts when he spoke the words charged; that he spoke them for the express purpose of having the hearers believe and understand that plaintiff was guilty of the crime thereinafter stated. The words charged are: "He is capable of anything. When the lightning struck Knack's house, how slow it went to his house at A. [meaning plaintiff's house that was burned at A.] But he was smart; he had it insured in three

different companies. He is the meanest man that ever lived. If he had lived in some counties, they would have hung him long ago." *Innuendo :* "That defendant thereby meant to charge, and did charge, and intended to have it understood and believed, that the plaintiff had wilfully set fire to his own house and burned it down, with intent to injure and defraud the insurers by obtaining the insurance money thereon." *Held*, that in view of the facts stated as inducement, the words charged, in their ordinary signification, would impute to plaintiff a crime; and the complaint is sufficient.

APPEAL from the Circuit Court for *Washington* County.

Slander. The defendant appealed from an order overruling his demurrer to one count of the complaint. The averments of said count are sufficiently stated in the opinion.

*Thorp & Frisby*, for appellant:

1. It must appear from the words used (when they are not uttered ironically or by way of insinuation), that plaintiff is charged with a crime, unless special damages are alleged, or the words refer to his profession or trade. *Kinney v. Nash*, 3 Coms., 177; *Caldwell v. Raymond*, 2 Abb. Pr. R., 193; *Carter v. Andrews*, 16 Pick., 5; *Snell v. Snow*, 13 Met., 278; *Goodrich v. Hooper*, 97 Mass., 1–5. The words here, referring to the lightning striking Knack's barn, etc., do not upon their face charge plaintiff with any crime, unless by way of insinuation. But in the latter case, it must be alleged in the colloquium, in a traversable form, that defendant *meant*, by the use of the words, to impute such a crime to the plaintiff, and that the words were so understood by the hearers. There is no such averment here. *Caldwell v. Raymond*, 2 Abb. Pr. R., 193; *Woolnoth v. Meadows*, 5 East, 463; *Andrews v. Woodmansee*, 15 Wend., 232; *Pike v. Van Wormer*, 5 How. Pr. R., 171; *Carter v. Andrews*, 16 Pick., 1–7. 2. Such averments in the *innuendo* as are found in this case, cannot help out a defective complaint. *Caldwell v. Raymond*, 2 Abb. Pr. R., 193; *Bloss v. Tobey*, 2 Pick., 320, 328; *Angle v. Alexander*, 7 Bing., 119; *K—— v. H——*, 20 Wis., 239, 242. 3. The other words charged, "He is the meanest man," etc., taken in their ordinary signification, charge the plaintiff

with meanness only, and not with any crime. *Holt v. Scholefield*, 6 Term, 691; Townshend on Slander, note 163 on p. 130; id., pp. 153–162; *Buck v. Hersey*, 31 Me., 558; *Gosling v. Morgan*, 32 Pa. St., 273.

*L. F. Frisby*, for respondent:

To render a charge actionable, it is not necessary that it should be made in direct terms; it may be made in ambiguous language, or by insinuation. And if the words are of doubtful import, the jury are to find their meaning. *Goodrich v. Woolcott*, 3 Cow., 231; *Ex parte Baily*, 2 id., 479; *Gibson v. Williams*, 4 Wend., 320; *Case v. Buckley*,15 id., 327; *Rundell v. Butler*, 7 Barb., 260; Townshend on Slander, 126 and notes, 133 and notes, 137, 138; *Somers v. House*, Holt, 39; *Woolnoth v. Meadows*, 5 East, 463; *Morgan v. Livingston*, 2 Rich., 573; 1 Starkie on Slander, 65, 75, 76, 95. 2. Words are to be construed according to the ideas they are calulated to convey to those who hear them. *Demarest v. Haring*, 6 Cow., 75; *Montgomery v. Deeley*, 3 Wis., 709. 3. Separated from the preceding part of the charge, the last words, ("He is the meanest man," etc.,) are actionable. Townshend, § 163.

LYON, J. The defendant interposed a general demurrer to a single cause of action stated in the complaint. The action is for slander, and the count thus demurred to alleges in substance that the defendant, well knowing that the plaintiff was, at a certain specified time, the owner of the Exchange Hotel in West Bend, and that prior thereto the same had been insured in three fire insurance companies by the plaintiff against loss by fire, and that, at the time before specified, the same was destroyed by accidental fire; and also well knowing that the plaintiff was not guilty of the crimes thereinafter mentioned; and contriving, etc., to injure the plaintiff, and to have it believed that he had been guilty of such crimes and misconduct—maliciously spoke of and concerning the plaintiff, to divers citizens who understood him, these following defamatory words: "He is capable of doing

anything; look here, when the lightning struck Knack's barn, how slow it went to his house at West Bend" (meaning plaintiff's house that had been burned at West Bend); "but he was smart, he had it insured in three different companies. He is the meanest man that ever lived. If he had lived in some counties, they would have hung him long ago." *Innuendo*: that the defendant thereby meant to charge, and did charge, and intended to have it understood and believed, that the plaintiff had wilfully set fire to his own house, and burned it down, with intent to defraud and injure the insurers by obtaining the insurance money thereon.

The circuit court held that the count demurred to contained facts sufficient to constitute a cause of action, and overruled the demurrer. The defendant has appealed to this court from the order overruling the same.

The alleged slanderous words, standing alone and unaided by averment, do not impute a crime to the plaintiff; neither do they with the aid of the *innuendo*. For it is not the office of an *innuendo* to enlarge the meaning of the words, but to point their meaning to some precedent matter expressed or necessarily understood. Here the precedent matter is expressed, to-wit, the facts that the plaintiff owned the building in West Bend, that it was insured, that it burned accidentally, and that the defendant knew all of these facts when he spoke the alleged slanderous words, and spoke them for the express purpose of having his hearers believe and understand that the plaintiff was guilty of the crime thereinafter stated. The *innuendo* points the meaning of the alleged slanderous words by applying them to the foregoing averments in the complaint, and attributes to the defendant an intent to impute a criminal offense to the plaintiff — that is, the burning of his own building to injure the insurers — and a desire to be so understood by those in whose hearing the words were spoken. And in view of the facts averred, the language attributed to the defendant might well be understood by those who heard it as importing a charge of

crime. We must give to language, in deciding whether it be actionable, its ordinary and usual meaning and signification; we must interpret it as men who knew all of the circumstances would generally understand it; and we think it is safe to assume that the majority of men, who were cognizant of the facts averred in the complaint by way of inducement, and who might have heard the defendant use the language imputed to him in the complaint, would say at once that he intended to have it understood that the plaintiff burned his building to defraud and injure the insurers.

The *innuendo*, then, does not attempt to enlarge the effect of the words, but is confined to its legitimate function of pointing out the application of the words to the facts previously stated by way of inducement.

So we have here a cause of action, stated with the necessary averments and innuendoes to show that the language charged to have been used, imputed to the plaintiff the committing of a crime, and was so intended by the defendant, and that the usual and ordinary signification of such language, in view of the facts stated in the complaint, would be to impute to the plaintiff a crime. It might have been better pleading to have inserted the formal *colloquium*, that the words were spoken concerning the burning of plaintiff's building; but we think this sufficiently appears in the complaint. What more can we require?

We are of the opinion that the count demurred to contains a statement of a cause of action. The order of the circuit court overruling the demurrer thereto must be affirmed.

*By the Court.* — Order affirmed.