· 83  397|
90  301|

BENZ, Respondent, vs. WIEDENHOEFT, Appellant.

*October 26 — November 15, 1892.*

*Slander.*

The complaint alleged that defendant said, of and concerning plaintiff: "The whip was used in the barn. There was some monkey work going on there. I will tell you who it was some other time;" and afterwards: "It was *Lizzie B.* [plaintiff] and Willie D. that was caught in the barn in the crib." *Held,* that the words were not actionable *per se;* and, no facts being alleged by way of inducement showing that they were to be given other than their ordinary meaning, and no special damages being alleged, the complaint did not state a cause of action.

APPEAL from the Circuit Court for *Ashland* County.

Slander. The material allegations of the complaint were as follows: "That on or about the 22d day of June, 1891, at the county of Ashland, in the state of Wisconsin, the defendant, contriving to injure the plaintiff in her reputation, and to bring her into public contempt and ridicule, did in a public place, in a certain discourse, in the presence and hearing of divers persons, wrongfully and maliciously speak the following false and defamatory words of and concerning the plaintiff, *Lizzie Benz:* 'The whip was used in the barn. There was some monkey work going on there. I will tell you who it was some other time;' and shortly after, to wit, on the 22d day of June, 1891, the defendant, in another discourse, in a public place, and in the presence and hearing of divers persons, in relation to the same matter, unlawfully and maliciously spoke of and concerning

Benz vs. Wiedenhoeft.

the plaintiff, *Lizzie Benz*, the following false and defamatory words: 'It was *Lizzie Benz* and Willie Drott that was caught in the barn in the crib;' meaning and intending to convey, by the use of the above language, that the plaintiff and one Willie Drott had been in the crib in the cow barn together for the purpose of having illicit sexual intercourse, and that they were so caught, and that a certain whip was used in driving them out of said barn. By means of which said false and defamatory words so spoken as aforesaid the plaintiff has been injured in her name, fame, and feelings, in the sum of two thousand five hundred dollars." The answer was a general denial.

Upon the trial the defendant objected to the introduction of any evidence under the complaint, because the complaint did not state a cause of action, the language charged not being slanderous *per se*, and not charging any offense. The objection was overruled, and exception taken. A verdict for the plaintiff was rendered, upon which judgment followed, and defendant appeals.

For the appellant there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*.

For the respondent the cause was submitted on the brief of *Rossman & Foster*.

WINSLOW, J. The demurrer *ore tenus* should have been sustained. The words charged to have been uttered are not actionable *per se*. In their usual and ordinary meaning they impute no criminal offense. Their meaning cannot be enlarged by innuendo, and no facts are alleged by way of inducement which tend to show that the meaning to be given them is different from the ordinary or usual meaning. *Weil v. Schmidt*, 28 Wis. 137. Neither are any special damages alleged. The complaint states no cause of action.

*By the Court.*— Judgment reversed, and action remanded for further proceedings according to law.