Hofflund, Appellant, vs. The Journal Company, Respondent.

*September 13 — October 2, 1894.*

*Libel.*

A newspaper publication: "Spoiled a Sensation. An Alleged Shortage at W. Settled by Bondsmen. A rather sensational feature was promised for the meeting of the county board this afternoon. It is alleged that there was a deficit of $2,500 in the accounts of Ex-County Treasurer H. The supervisors claimed that the books were short $2,500. It is claimed, however, for H. that this is for fees collected which belonged to the office and not to the county. The matter was settled by the bondsmen before the meeting of the board," — is not libelous *per se,* and its meaning cannot be enlarged by innuendo.

APPEAL from the Circuit Court for *Douglas* County. The facts are stated in the opinion.

For the appellant there was a brief by *Crownhart, Owen & Foley,* and oral argument by *C. H. Crownhart.* They contended, *inter alia,* that the statements, "An alleged shortage at West Superior settled by bondsmen" and "The matter was settled by the bondsmen before the meeting of the board," charge embezzlement. *Cochran v. Melendy,* 59 Wis. 209; *Mallory v. Pioneer-Press Co.* 34 Minn. 521; *More v. Bennett,* 48 N. Y. 475; *Bradley v. Cramer,* 59 Wis. 309. If it is not plain that these statements charge embezzlement, then, the complaint having so alleged with the proper innuendo, their meaning should have been left to the jury. Townshend, Slander & Libel, §§ 284–6; Newell, Defamation, S. & L. 274; *Mallory v. Pioneer-Press Co.* 34 Minn. 521; *Edwards v. Chandler,* 14 Mich. 476–7.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

ORTON, C. J.    This is an action for libel.    The publication is as follows:

## "SPOILED A SENSATION. '

## " AN ALLEGED SHORTAGE AT WEST SUPERIOR SETTLED BY BONDSMEN.

" WEST SUPERIOR, WIS., Feb. 6.    A rather sensational feature was promised for the meeting of the county board this afternoon.    It is alleged that there was a deficit of $2,500 in the accounts of Ex-County Treasurer *Dan Hofflund*.    The supervisors claimed that the books were short $2,500.    It is claimed, however, for *Mr. Hofflund* that this was for fees collected which belonged to the office and not to the county.    The matter was settled by the bondsmen before the meeting of the board."

The answer is in justification.

1. The defendant objected to any evidence under the complaint on the ground that it stated no cause of action. The objection was overruled.    There is no special damage alleged.    There is an allegation that the words mean that the plaintiff was " guilty of having embezzled and converted to his own use $2,500, money belonging to the said county of Douglas."    The meaning of the words cannot be enlarged by *innuendo*.    The publication is not actionable *per se*.    It does not impute the crime of embezzlement.    It is only, in effect, that there was a *deficit* in the plaintiff's accounts of $2,500, which he claimed was for fees collected which did not belong to the county but to the office; and this is not disputed in the publication.    The matter was settled before it came before the board.    There was no demand for the money or for an accounting, or refusal to pay on demand, charged.    The language is far short of embezzlement or of any other crime.    The objection should have been sustained.

2. The court directed a verdict for the defendant on the

evidence, and did right in doing so.    Whatever the charge
was, it was more than proved true.    The plaintiff failed to
pay over to his successor, as clerk of the circuit court,
$2,500, money in his hands, which his successor was entitled
to receive from him on the 2d day of January, 1893, for
about a month afterwards.   His successor often requested
him to pay over the money, and he said he did not have it;
that his bondsmen had it.   The bondsmen finally paid the
plaintiff the $2,500, and the plaintiff paid it over to his suc-
cessor on February 4, 1893.    The plaintiff, as a witness
called by the defendant, refused to answer many of the
most material questions, on the ground that his answers
might criminate him, but produced the receipt of Mr.
Thompson, his successor, dated the 4th day of February,
1893, for the sum of $2,500 in trust funds.    It is not pleas-
ant to speak of the testimony in this case.    It certainly
more than justifies the publication.

*By the Court.*— The judgment of the circuit court is
affirmed.