PANDOW, Appellant, vs. EICHSTED, Respondent.

*April 24 — May 15, 1895.*

*Slander: Pleading.*

1. The words "Just as well as you believe of mother that my wife has beaten her, just so well we can believe that mother said 'E. (meaning the plaintiff) has penned up pigs belonging to C., and has knocked them on the head, and devouringly eaten them up,'" apparently spoken by defendant to plaintiff in a conversation in which the latter had charged defendant's wife with having beaten or ill-treated her mother, cannot upon their face be said to impute the crime of larceny so as to be actionable.

2. Words alleged to be slanderous are to be construed in their plain and popular sense in which they would naturally be understood by those who heard them, and it is not material that one or more persons may have understood them differently.

APPEAL from an order of the circuit court for Green county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

This was an action for slander, and the defendant was charged with having wilfully and maliciously spoken of and concerning the plaintiff certain false and slanderous words, set out in the German language in the complaint, which, when translated into the English language, are as follows: "Just as well as you believe of mother that my wife has beaten her, just so well we can believe that mother said, '*Emil* (meaning the plaintiff) has penned up pigs belonging to Thurm Crago, and has knocked them on the head, and devouringly eaten them up;'" and it was averred that the defendant meant and intended thereby to charge that the plaintiff had feloniously penned up, stolen, taken, and carried away pigs belonging to one Thurm Crago, and that persons in whose presence they were alleged to have been spoken so understood them. There was the further allegation that the person referred to as "mother" was the mother of the wives of the plaintiff and defendant; and that prior

to the speaking of the slanderous words the defendant's wife did beat, bruise, and otherwise ill-treat the said mother; and that "mother did not say that '*Emil* (meaning the plaintiff) has penned up pigs belonging to Thurm Crago, and knocked them on the head, and devouringly eaten them up.'" There was a general demurrer to the complaint, and from an order sustaining it the plaintiff appealed.

For the appellant the cause was submitted on the brief of *John M. Becker.* He contended, *inter alia,* that whenever the words charged are ambiguous in their import, it is proper to aver in the complaint, as in the case at bar, the meaning thereof as intended by defendant and as understood by the hearers or bystanders, and such an averment is to be treated as a substantive allegation of fact. *Petsch v. Dispatch P. Co.* 40 Minn. 291; *Goodrich v. Woolcott,* 3 Cow. 231; *Blaisdell v. Raymond,* 4 Abb. Pr. 459; *Gibson v. Williams,* 4 Wend. 324; *Andrews v. Woodmansee,* 15 id. 235; *Maynard v. Fireman's F. Ins. Co.* 47 Cal. 209; *Smith v. Gaffard,* 33 Ala. 168. See, also, *Glatz v. Thein,* 47 Minn. 278; *Emmerson v. Marvel,* 55 Ind. 265; *Hays v. Mitchell,* 7 Blackf. 117; *Miles v. Vanhorn,* 17 Ind. 245; *Wachter v. Quenzer,* 29 N. Y. 547; *Blekeman v. Blekeman,* 31 Minn. 396; *Vanderlip v. Roe,* 23 Pa. St. 82; *Comm. v. Kneeland,* 20 Pick. 206; *Elam v. Badger,* 23 Ill. 498; *Kinyon v. Palmer,* 18 Iowa, 377; *Wilcox v. Moon,* 64 Vt. 450; *Stancell v. Pryor,* 25 Ga. 40; *Reeves v. Bowden,* 97 N. C. 29.

*Colin W. Wright,* for the respondent, argued, among other things, that in slander in determining whether the words are actionable *per se,* they are to be taken in the sense in which they would naturally be understood by those hearing them. *Campbell v. Campbell,* 54 Wis. 90; *Guth v. Lubach,* 73 id. 131; *Karger v. Rich,* 81 id. 177; *Benz v. Wiedenhoeft,* 83 id. 397; Townshend, Slander & L. § 133, note 3. It is not what any particular person understands words to mean, but what all persons or the average person would *naturally*

understand them to mean. *Wright v. Page*, 36 Barb. 438; *Snell v. Snow*, 13 Met. 278; *Hess v. Fockler*, 25 Iowa, 9; *Nelson v. Borchenius*, 52 Ill. 236; *Gibson v. Williams*, 4 Wend. 320; *McCue v. Ferguson*, 73 Pa. St. 333; *Briggs v. Byrd*, 11 Ired. Law, 353.

PINNEY, J. It may be inferred, perhaps, from the complaint, that in a conversation between the plaintiff and defendant the plaintiff charged the defendant's wife with having beaten or ill-treated her mother, but this is not quite clear; and that the defendant spoke, in answer, the alleged slanderous words, in substance, that, "just as well as you believe of mother that my wife has beaten her, just so well we can believe that mother said, '*Emil* (the plaintiff) has penned up pigs belonging to Thurm Crago, and has knocked them on the head, and devouringly eaten them up.'" Thus considered, the words would seem to be an assertion of the groundless nature of the charge made against the defendant's wife, that the one statement was no more worthy of credit than the other. It is alleged that the mother did not say that the plaintiff had "penned up pigs belonging to Thurm Crago, and had knocked them on the head, and devouringly eaten them up;" nor is it alleged that the defendant or any one had said that he had done so, or that he believed such to be the case.

The words alleged to have been spoken are to be construed and taken in their plain and popular sense, and in which they would naturally be understood by those who heard them,— in their common acceptation. *Campbell v. Campbell*, 54 Wis. 94; *Schild v. Legler*, 82 Wis. 74, 75. It is not material that one or more persons may have understood the words differently. The question is, What would persons hearing them, of average intelligence, understand from the words used, taken in their natural and common acceptation? for the defendant is responsible only for the meaning which

the words, reasonably interpreted and applied, would convey to the minds of the hearers. *Snell v. Snow*, 13 Met. 278; *Brettum v. Anthony*, 103 Mass. 40.

We do not think that the words alleged to have been spoken can be said to impute the charge of larceny against the plaintiff. There are no facts alleged by way of inducement, which is a statement of the matter out of which the charge arose (*Taverner v. Little*, 5 Bing. N. C. 678); no *colloquium* to make the charge, if such it was intended to be, intelligible, and to show that the words spoken are actionable in the light of the facts and circumstances under which they were spoken. It is the office of an *innuendo* in pleading to point out the meaning of the alleged slanderous words, where they are not actionable upon their face, so as to show in connection with the inducement, and in the light of the facts and circumstances under which they were spoken, that the words are actionable. The words relied on in the present case are not of themselves actionable, and there is no sufficient matter stated in the complaint, within the rule of pleading in such cases, to enable the court to say on demurrer, as a matter of law, that they are actionable. *Karger v. Rich*, 81 Wis. 180; *Weil v. Schmidt*, 28 Wis. 137; *Benz v. Wiedenhoeft*, 83 Wis. 398; *Hofflund v. Journal Co.* 88 Wis. 369, 370. The defendant's demurrer was therefore rightly sustained.

*By the Court.*— The order of the circuit court is affirmed.