CULVER, Respondent, vs. MARX, Appellant.

*December 12, 1913—January 13, 1914.*

*Slander: Evidence: Questions for jury.*

In an action for slander where, although the witnesses differed as to the exact language used by defendant, his words could not have been understood as meaning anything else than, as stated in the complaint, that plaintiff was running a house of ill-fame, there was no error in submitting to the jury the question of damages only.

APPEAL from a judgment of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This action was brought to recover damages for slander. The alleged slanderous words set forth in the complaint are as follows: " 'I don't have to use my wife for immoral purposes' (thereby falsely imputing that the plaintiff's wife was unchaste and that plaintiff profited thereby)." " 'You run a house of ill-fame. Your wife gets fellows into trouble and you settle with them by taking their notes' (thereby imputing that plaintiff and his wife were guilty of blackmail, extortion, and of obtaining money under false pretenses)."

At the close of the evidence the court stated that in his opinion the only question to submit to the jury was that pertaining to damages. The court, among other things, charged the jury that the defendant said to and of the plaintiff in the presence of certain persons that plaintiff kept a house of prostitution. The court further charged:

"The undisputed evidence in this case substantiates that charge, that is, there is no evidence in the case which in the

opinion of the court is susceptible of any other construction than that he did speak those words of and concerning the plaintiff in the presence of those men. That means that he charged him with that which under our law is a crime; therefore the law implies damage. It is termed slanderous *per se,* and the law therefore presumes that damage has occurred to the plaintiff by reason of the speaking of those words."

The jury returned a verdict for $250 compensatory damages and $350 punitory damages. From a judgment in accordance with such verdict the defendant appeals.

For the appellant there was a brief by *Thorwald P. Abel,* attorney, and *Daniel H. Grady,* of counsel, and oral argument by *W. H. Farnsworth.*

For the respondent there was a brief by *Masters, Graves & Masters,* attorneys, and *C. W. Graves,* of counsel, and oral argument by *R. B. Graves.*

BARNES, J. There were four witnesses sworn on the trial. The appellant argues that if the correct version of the transaction was given by two of these witnesses, the defendant did not charge the plaintiff with running a house of ill-fame, or at least the jury might find that the defendant did not so charge.

We have read the testimony, which is very brief, and think it is susceptible of but one construction, and that the trial court was correct in holding that the defendant did state that plaintiff was running a house of ill-fame. The defendant and Dr. Morrison gave a little different version of what was said than that of the other witnesses, but it is clear from their testimony that the defendant meant to state that the plaintiff was running a house of ill-fame and that the language used could not be understood as meaning anything else. The judgment is correct and should be affirmed.

*By the Court.*—Judgment affirmed.