LISKO, Respondent, vs. RETZLAFF, Appellant.

*February 5—February 24, 1914.*

*Slander: Complaint: Innuendo: Demurrer.*

Upon demurrer to a complaint for slander it is sufficient that the words alleged to have been spoken are in popular usage fairly capable of expressing and conveying to others the slanderous meaning attributed to them by the innuendo, the sense in which they were intended and in which they were understood by the hearers being a question of fact for the jury.

APPEAL from an order of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a demurrer to the complaint.

*August Kading,* for the appellant.

For the respondent there was a brief by *Husting & Brother,* and oral argument by *Paul O. Husting.*

TIMLIN, J. The complaint avers that in the year 1881 a brother of the plaintiff, in the presence of the plaintiff and another, was shot and seriously wounded, causing death, all of which occurred without fault or agency of the plaintiff. That on October 11, 1911, the defendant, becoming involved in a dispute with the plaintiff and being then angry and abusive, spoke of and concerning the plaintiff in the German language false and defamatory words set forth in German and translated as meaning, "You are such a fellow you shoot your own brother." This is followed by innuendo averring that the speaker thereby intended to charge the plaintiff with the crime of assaulting and shooting his said brother with a dangerous weapon. A further averment charges in the same way that the defendant on November 14, 1911, spoke of and concerning the plaintiff false and defamatory words in German, which being translated were: "He is a hothead. I

charged him with having formerly shot his brother with a revolver and that was enough; for *Martin* [the plaintiff] then ran away." This was followed by similar innuendo, and it was also averred that the persons in whose presence and hearing the German words were spoken understood the language. The utterances on November 14th were also set forth as a second cause of action.

Under the liberal rules of pleading prevailing in this state the demurrer was properly overruled. In what sense the defendant intended the spoken words and in what sense they were understood by the hearers is a question of fact for the jury, for the words, while insufficient as an indictment, are nevertheless in popular usage fairly capable of expressing and conveying to others the meaning attributed to them by the innuendo.

*By the Court.*—Order affirmed.