CULVER, Appellant, vs. MARX, Respondent.

*May 1—May 21, 1914.*

*Slander: Words actionable* per se: *Imputing crime: Pleading: Ques-
tions for jury.*

1. Spoken words which, taken as a whole and in their natural, pop-
   ular, and common acceptance, would be understood by persons
   of average intelligence as stating that plaintiff was guilty of a
   criminal offense, are actionable *per se.*
2. If there is reasonable ground for conflicting inferences as to how
   the alleged slanderous words would naturally be understood,
   the complaint should not be held bad, but the jury should be
   permitted to say what the correct inference is.
3. Language which would naturally be understood as stating that
   plaintiff assisted her husband in keeping a house of ill-fame by
   promiscuous sexual intercourse with men who visited the place,
   and that she also followed the practice of getting men into com-
   promising positions so that the husband could extort blackmail
   from them, was slanderous *per se.*

APPEAL from a judgment of the circuit court for Crawford
county: GEORGE CLEMENTSON, Circuit Judge.    *Reversed.*

For the appellant there was a brief by *Masters, Graves &*

*Masters,* attorneys, and *C. W. Graves,* of counsel, and oral argument by *R. B. Graves.*

For the respondent there was a brief by *T. P. Abel,* attorney, and *Daniel H. Grady,* of counsel, and oral argument by *Mr. Grady.*

BARNES, J.    This is an action for slander.    The complaint alleged that the plaintiff was a married woman living with her husband, C. M. Culver, at Cashton, Wisconsin. The complaint then sets out the language used, which will be found in 155 Wis. 453, 144 N. W. 982.    The former action was brought by plaintiff's husband.

A demurrer *ore tenus* was interposed to this complaint on the ground that it did not set forth a cause of action.    An order was entered sustaining the demurrer, but granting leave to serve an amended complaint.    The plaintiff refused to amend and judgment was entered dismissing the action. Plaintiff appeals from the judgment.

On the appeal in the other case it was in effect held that the language used was slanderous *per se* as to the husband of the plaintiff.    The respondent on the present appeal insists that the court should say as a matter of law that the language is not slanderous as to the wife.

If persons of average intelligence, taking the words used in their natural, popular, and common acceptance, would understand therefrom that plaintiff was guilty of a criminal offense, assuming that the language used was true, the complaint states a cause of action.    *Pandow v. Eichsted,* 90 Wis. 298, 63 N. W. 284; *Elmergreen v. Horn,* 115 Wis. 385, 388, 389, 91 N. W. 973; *Campbell v. Campbell,* 54 Wis. 90, 11 N. W. 456; *Pfister v. Milwaukee Free Press Co.* 139 Wis. 627, 651, 121 N. W. 938; *Robertson v. Edelstein,* 104 Wis. 440, 443, 80 N. W. 724; *Hamlin v. Fantl,* 118 Wis. 594, 95 N. W. 955.    If there was reasonable ground for conflicting inferences on the point, the jury should have been per-

mitted to say what the correct inference was. *Schild v. Legler,* 82 Wis. 73, 75, 51 N. W. 1099; *Earley v. Winn,* 129 Wis. 291, 307, 109 N. W. 633. It does not meet the situation to dissect each sentence used and show that no one sentence standing alone imputes an offense. The language must be taken in its entirety.

We think the language would naturally be understood as stating that plaintiff's husband kept a house of ill-fame and that plaintiff aided and assisted him in the calling by having promiscuous sexual intercourse with men who visited the place, and that she also followed the practice of getting men into compromising positions so that the husband could extort blackmail from them. Adultery, blackmail, and being an inmate of a house of prostitution are all criminal offenses. Aiding and abetting one who keeps such a house is likewise a crime. We hold that the language used was slanderous *per se* and that it was error to sustain the demurrer *ore tenus.*

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.