HANSON, Respondent, vs. FEULING, Appellant.

*March 25—April 13, 1915.*

*Slander: Complaint: Sufficiency: Words spoken in jest: Instructions
to jury.*

1. In an action for slander a complaint alleging that defendant, in
the presence and hearing of one K. H. and of Mrs. K. H., spoke of
and concerning the plaintiff that he " 'has been over and stayed
with your woman when you were not at home,' meaning and
intending thereby to charge that the plaintiff has had improper
relations with the said Mrs. K. H.," is *held*, on demurrer, to
state a good cause of action.
2. Where, under the testimony in such case, the jury would have
been warranted in finding that the alleged slanderous words
were spoken as joking or jesting remarks and were so under-
stood by the hearers and were therefore not actionable, an
instruction to the effect that, although the words were so spoken
and so understood, the defendant would still be liable, and that
the fact that they were spoken by way of a jest and so under-
stood could only be considered in reduction of damages, was
prejudicially erroneous.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This action was brought to recover damages for slander.
The complaint sets up four separate causes of action. The
defendant answered by way of general denial and set up mat-
ters in mitigation of damages. The defendant objected to
any evidence under the first and third causes of action, on
the ground that neither of them stated facts sufficient to con-
stitute a cause of action. The court sustained the objection
to the third cause of action and overruled it as to the first, to
which ruling the defendant excepted.

The jury returned a general verdict for plaintiff and as-
sessed his compensatory damages at $125 and punitory dam-
ages at $175. The court thereupon rendered judgment
against the defendant on the verdict for $300, but subse-
quently, on defendant's motion to set aside the judgment and

grant a new trial, ordered that the verdict for punitory damages be set aside and the judgment modified accordingly. Judgment was thereupon entered against the defendant for $125 damages and costs, from which this appeal was taken.

*M. J. Briggs,* for the appellant.

For the respondent there was a brief by *Gilbert & Ela,* and oral argument by *R. A. Heilman.*

KERWIN, J.  1. Several errors are assigned and argued here as grounds for reversal.  The first is that the objection to any evidence under the first cause of action should have been sustained.  The essential allegations are: *"'Andrew Hanson* (and meaning thereby this plaintiff) has been over and stayed with your woman when you were not at home,' meaning and intending thereby to charge that the plaintiff has had improper relations with the said Mrs. Knute Hanson."  The contention of the appellant under this head is that there was not sufficient matter set up by way of inducement or colloquium.  We are satisfied that a good cause of action was stated in the alleged first cause of action. *Langton v. Hagerty,* 35 Wis. 150; *Smith v. Utley,* 92 Wis. 133, 65 N. W. 744; *Downer v. Tubbs,* 152 Wis. 177, 139 N. W. 820.

It is contended by counsel for appellant that there was prejudicial error in the charge.  Quite a large amount of testimony was received in the case to the effect that the words spoken were spoken by way of a joke and were simply joking and jesting remarks and were so understood.  It appears from the evidence that the parties were near neighbors and were on very friendly relations during all the time of the speaking of the words and until some time thereafter and up to January, 1914, when some trouble arose on a promissory note which resulted in a suit by defendant against the plaintiff on the note.  The present action was thereafter commenced in May, 1914.

Counsel complains of the following part of the charge:

"If you find that *Mr. Feuling* was joking when he spoke the words here in question, that fact will not prevent the plaintiff from recovering damages against him, but you may consider the fact that these words were spoken as joking or jesting remarks, if you find that to be the fact and you find that they were so understood by those who heard them—I say if that be your finding, you may consider this fact in determining the amount of damages that you may assess against *Mr. Feuling,* because language which is understood to be spoken as a joke or jest ordinarily is less injurious than when spoken seriously.    The question for you to consider in assessing damages is, What was the meaning conveyed by the words spoken, and what effect did these words have upon those who heard them so far as the plaintiff's character, reputation, and standing in the community is concerned?"

This part of the charge is clearly erroneous.    Under the testimony the jury would have been entitled to find that the words were spoken as joking or jesting remarks and so understood; and if so spoken and so understood by those who heard them they would not be actionable.    The jury would understand from the above charge that although so spoken, still the defendant would be liable, and the fact that they were spoken by way of a jest and so understood could only be considered in reduction of damages.    In view of the evidence in the case it cannot be said that this charge was not prejudicial.    Some argument is made to the effect that this part of the charge was given when the court was instructing on the amount of damages, and that another part of the charge correctly stated the rule as to liability.    It is true that the part of the charge above quoted was somewhat modified in another part of the charge when the court was dealing with the question as to whether the defendant did charge plaintiff with having committed adultery and the words were understood by those who heard them spoken as charging that plaintiff had had sexual intercourse with married women.    We cannot say, however, that

the jury were not misled and prejudicial error committed by the portion of the charge heretofore quoted. The charge was certainly very confusing on this subject and the portion heretofore quoted clearly erroneous, and we are unable to say that the plaintiff was not prejudiced by it. For the error in the charge referred to the judgment must be reversed.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.