M—— v. J——, 164 Wis. 39.

M——, Respondent, vs. J——, Appellant.

*September 12—October 3, 1916.*

*Slander: Words actionable* per se: *Understanding of hearers.*

1. Spoken words which falsely impute to a woman a want of chastity and in their ordinary meaning charge her with a criminal offense are actionable *per se.*
2. To render such an utterance nonactionable on the ground that the hearers did not understand the colloquium to charge the offense conveyed by the words spoken, it must be shown to the satisfaction of the jury that the words were not intended to impute to the person concerned the offense they ordinarily convey.
3. The construction or understanding testified to by witnesses cannot control the court or jury as to the meaning actually conveyed.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

This is an action to recover damages for slander.

The plaintiff became the housekeeper for the defendant in October, 1911, and by arrangement brought her twelve-year-old son with her. She remained in this position about two and one-half years, at which time she informed defendant that she had decided to leave on account of the heavy burdens of caring for defendant's imbecile son. Defendant wished plaintiff to remain in his employ and endeavored to induce her to do so. Plaintiff left defendant and went to work for defendant's brother-in-law, who was a neighbor of the defendant. Defendant made unsuccessful efforts to have the plaintiff return and keep house for him. It is claimed that a short time after this, while defendant and one of his neighbors were discussing certain stories that were being circulated in the neighborhood charging defendant with libidinous and lewd conduct, the defendant then and there spoke of and concerning the plaintiff the following false and defamatory words: "*M.* [the plaintiff] isn't as good as she pretends to be. I went to bed one night and *M.* came up to my room and

jumped into bed with me.   I said, Hold on, *M.,* this will not do.   We are supposed to be good, decent, respectable people, and what will the neighbors say when they find this out? and she [plaintiff] said, That is all right, no one will know about this except you and I."   The person to whom these words were spoken circulated them and they finally reached plaintiff.   It appears that plaintiff had been suffering from a nervous breakdown, and after hearing this story from several of her friends has been unable to recover from this ailment.

The jury returned a verdict finding the defendant guilty of uttering the slander charged and assessed plaintiff's damages in the sum of $500.   Judgment was entered in favor of the plaintiff in the sum of $500, together with the costs and disbursements of the action.   From such judgment this appeal is taken.

For the appellant there was a brief by *George Hoxie,* attorney, and *Classon & O'Kelliher,* of counsel, and oral argument by *V. J. O'Kelliher.*

For the respondent there was a brief by *Lehner & Lehner,* and oral argument by *Philip Lehner.*

SIEBECKER, J.   The allegations of the complaint set forth a good cause of action.   The alleged defamatory words impute to the plaintiff a want of chastity and in their ordinary meaning charge her with an offense made punishable by law in this state.   A false oral charge of this nature has been held actionable *per se. Ranger v. Goodrich,* 17 Wis. 78; *Mayer v. Schleichter,* 29 Wis. 646; *Hacker v. Heiney,* 111 Wis. 313, 87 N. W. 249.   To render the alleged oral utterance nonactionable on the ground that the hearers did not understand the colloquium to charge the offense conveyed by the words spoken, it must be shown to the satisfaction of the jury that the words were not intended to impute to the person concerned the offense they ordinarily convey.   *Hacker v. Heiney,* 111 Wis. 313, 87 N. W. 249; *Hamlin v. Fantl,* 118

Wis. 594, 95 N. W. 955; *Kloths v. Hess,* 126 Wis. 587, 106 N. W. 251. The construction or understanding testified to by witnesses cannot control the court or jury as to the meaning actually conveyed. *Kloths v. Hess,* 126 Wis. 587, 591, 106 N. W. 251, and other cases there cited. It is evident from the record and the verdict rendered that the jury found the words were uttered with intent to defame the plaintiff and that they were so understood by the person to whom they were spoken. The jury were well warranted in so finding, under the facts and circumstances adduced in evidence. The evidence amply sustains the amount of damages awarded by the jury.

*By the Court.*—The judgment appealed from is affirmed.