LUBCKE, Respondent, vs. TECKAM and another, Appellants.

*January 11—February 6, 1923.*

*Libel and slander: Complaint: Sufficiency: Allegations as to speaker's intent: Enlargement of natural meaning of language: Charging married woman with having unborn child taken from her: Question for jury.*

1. In determining whether a complaint states a cause of action for slander, facts recited other than those stated in the language relied on as slanderous, and which tend to show that the defendant, knowing them, must have intended to accuse the plaintiff of a crime, cannot be considered in the absence of allegations that the hearers knew them; the gist of the action being not the speaker's mental impressions but the effect of the natural and reasonable import of the words on the hearers under the facts as then known to them.

2. While the liberal rules of pleading are followed in construing a complaint for slander, the pleader's mere statement that the particular words relied on impute a criminal charge can only explain and not enlarge the reasonable and natural meaning of the language itself.

3. It is the duty of the court, in the first instance, to determine whether the meaning ascribed by the pleader to the words relied on is a natural and proper one; but if there is a possibility of such meaning being properly ascribed to them it may become a question for the jury.

4. Words spoken of a married woman that she was in the family way and had the baby taken from her are not actionable, there being no imputation of immorality by alleging pregnancy, nor any allegation of any specific means used or any suggestion of anything not consistent with the losing of the fœtus in a natural and lawful manner. *Filber v. Dautermann,* 26 Wis. 518, distinguished.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The plaintiff sues for slander alleged to have been spoken by the defendant *Minnie Teckam* concerning the plaintiff. Four alleged causes of action are stated and as a part of each it is recited: that the defendants are husband and wife and that the plaintiff is a married woman; that up to the time the alleged slanderous words were spoken the plaintiff enjoyed the respect and esteem of her neighbors and friends and was of good name and reputation in the community, and that defendant *Minnie Teckam,* prior thereto, had repeatedly made mean and malicious attacks upon plaintiff; injury to plaintiff's good name, fame, and credit, to her damage $2,000.

Each also recites that the defendant *Minnie Teckam* bore ill will and malice towards the plaintiff and knew that plaintiff had not been ill and under the care of a physician and knew that the destruction of any unborn child of plaintiff or any miscarriage was not necessary to save her life and that advice could not be given by any physician that any such destruction was necessary.

There is no allegation, however, that the persons to whom the alleged slanderous words are charged to have been spoken knew the facts set forth in the preceding sentence.

As a first cause of action the complaint charges the alleged speaking by defendant *Minnie Teckam* to a young lady resident in the said village that which is there set forth as follows:

"*Mrs. Lubcke* (meaning the plaintiff herein) was in the family way (meaning the plaintiff was pregnant with child) and she (meaning *Mrs. Lubcke*) had the baby taken away from her (meaning that the plaintiff had committed the crime of abortion)."

It was further alleged that the said statements so made were false and untrue and were made maliciously with the intent and purpose of charging and did charge the plaintiff

with having committed the crime of abortion and were so understood by the person who heard them.

The second cause of action was identical with the first except that it substituted the term "miscarriage" in place of the term "abortion" where that term was used in the first cause of action.

In the third cause of action it is alleged that the defendant *Minnie* spoke of and concerning the plaintiff in the presence of a married woman living in the same village as follows:

" 'Did you (meaning Mrs. Anna Orth) know *Mrs. Lubcke* (meaning the plaintiff) is awful sick?' Whereupon Mrs. Orth replied, 'Yes, I (meaning Mrs. Orth) heard she (meaning *Mrs. Lubcke*) is sick.' Whereupon defendant *Minnie Teckam* replied, 'Did you (meaning Mrs. Orth) know what's the matter with her?' (meaning *Mrs. Lubcke*). Whereupon Mrs. Orth replied, 'No.' Thereupon the defendant *Minnie Teckam* said, 'Well, there's something wrong and she (meaning *Mrs. Lubcke,* the plaintiff herein) got rid of it' (meaning an unborn child)."

Then followed an allegation to the effect that such statements were false and untrue and maliciously made by the defendant *Minnie* and with the intention to and that they did charge the plaintiff with the crime of abortion and were so understood by the said person who heard said words.

The fourth cause of action was identical with the third except in using the term "miscarriage" instead of the term "abortion."

The defendants jointly demurred to each of the alleged causes of action upon the ground that upon the face of each thereof there were not sufficient facts stated to constitute a cause of action. From the order overruling such demurrers the defendants have appealed.

For the appellants there was a brief by *Buell & Lucas,* attorneys; and *Rufus B. Smith,* of counsel, all of Madison, and oral argument by *Frank W. Lucas.*

For the respondent there was a brief by *Hill, Thomann & Beckwith* of Madison, and oral argument by *D. V. W. Beckwith*.

ESCHWEILER, J.   It is stated that at all the times of the speaking of the alleged slanders the defendant knew the following to be true: that plaintiff was neither sick nor under a physician's care; that the destruction of any unborn child was not necessary to save plaintiff's life; and that no advice that any such destruction was necessary could have been given by any physician.   The recital of all or any of such facts could be of value in this pleading only by way of inducement as tending to show facts outside of those stated in the language upon which each cause of action was based, and as tending to show that defendant must necessarily, knowing such facts, have intended to accuse plaintiff of a crime.   But it is not alleged that the hearers knew such facts or any of them.   It is the surrounding or extraneous facts known to the hearers that can be used to give a particular or different color or meaning to alleged slanderous words, not those known only to the speaker.   For the gist of the action is not the mental impressions of the speaker' but the effect of the natural and reasonable import of the words on the hearers under the facts as then known to them. Such facts so herein recited, therefore, cannot be considered in determining whether the complaint states a cause of action.   Such is the rule.   *Weil v. Schmidt,* 28 Wis. 137, 141; *Pfister v. Milwaukee F. P. Co.* 139 Wis. 627, 653, 121 N. W. 938; *Young v. Cook,* 144 Mass. 38, 43, 10 N. E. 719.

The liberal rules of pleading are of course to be followed in construing a complaint of this nature.   *Downer v. Tubbs,* 152 Wis. 177, 180, 139 N. W. 820.   But nevertheless the mere statement by the pleader that the particular words relied upon do impute a criminal charge, as in this case by stating miscarriage or abortion, cannot merely thereby

enlarge the reasonable and natural meaning to be ascribed to the language itself. For the innuendo can but explain, not enlarge. *Buckstaff v. Viall,* 84 Wis. 129, 134, 135, 54 N. W. 111; *Pfister v. Milwaukee F. P. Co.* 139 Wis. 627, 651, 652, 121 N. W. 938; *Craig v. Proctor,* 229 Mass. 339, 341, 118 N. E. 647; *Talbot v. Mack,* 41 Nev. 245, 169 Pac. 25; 17 Ruling Case Law, 396, 449.

It is the duty of the court in the first instance to determine whether the meaning ascribed by the pleader to the words is a natural and proper one, and if it is not, then the complaint must fall. If there be a possibility of such meaning being properly ascribed to them, then it may become a question for the jury. *Bradley v. Cramer,* 59 Wis. 309, 18 N. W. 268; *Leuch v. Berger,* 161 Wis. 564, 570, 155 N. W. 148; *Culver v. Marx,* 157 Wis. 320, 321, 147 N. W. 358.

The substance of the words used in all four of the causes of action amount to no more, in their natural and reasonable meaning, than stating that a pregnant married woman has the body of such child taken from her. Of course here there is no imputation of immorality by alleging the fact of pregnancy as would follow in a case of a similar statement concerning an unmarried woman. A miscarriage from natural causes or as a result of an accident would not impute any breach of law or morals on the part of the mother, and a miscarriage resulting from either of such would be no more and no less than the mother thereby being rid of such child, as is the substance of the charge in the words here. That in describing by innuendo the claim of the pleader as to what defendant meant and the hearer understood by the words charged to have been spoken, using the term "abortion" and then the term "miscarriage," does not make any difference. There is no material legal distinction between them as so used, and technically they are differentiated only by the age of the foetus. Neither of themselves imports a charge of criminal intent. *Comm. v.*

*Smith,* 213 Mass. 563, 566, 100 N. E. 1010; 1 Corp. Jur. 310; 1 Ruling Case Law, 70; 1 Words & Phrases, 20.

The words relied upon, therefore, in all these four several causes of action not of themselves necessarily or properly importing that the plaintiff of whom they were spoken had committed a crime, and there being nothing upon the face of the pleading as it must be construed, either by inducement or innuendo, that can enlarge them to that extent, they must therefore be held to be not actionable.

The decision of the trial court in overruling the demurrer below was based upon *Filber v. Dautermann,* 26 Wis. 518, the language there used of the plaintiff being: "You have administered to your daughter pills to drive off the child." Such words as so used against one evidently not a physician were held to impute to such plaintiff an attempt to procure an abortion.

There is a substantial difference, in our judgment, between the two. There the plaintiff was charged as being in the situation of a third person who administers drugs or medicines to another person, the mother of an unborn child, while here the statement is made concerning a married woman carrying a child. There the words directly conveyed the meaning that the plaintiff was actively and directly responsible by the use of a specific means, lawful only under certain conditions, for the removal of the fœtus from another, and therefore necessarily unlawful in the absence of such condition. In the case at bar no specific means are alleged and nothing suggested by the words themselves that is not perfectly consistent with the losing of the fœtus in a natural and lawful manner.

We think the case is controlled by what was determined as to the construction to be given to words susceptible of an innocent meaning as indicated in such cases as *Benz v. Wiedenhoeft,* 83 Wis. 397, 53 N. W. 686, and *Pandow v. Eichsted,* 90 Wis. 298, 63 N. W. 284, rather than by

*Filber v. Dautermann, supra.* See, also, *Craig v. Proctor,* 229 Mass. 339, 118 N. E. 647; *Adams v. Stone,* 131 Mass. 433.

The demurrers, therefore, to the several causes of action should have been sustained.

*By the Court.*—Order reversed.