GRANT, Appellant, vs. YATES, Respondent.

*May 7—June 3, 1924.*

*Libel and slander: Local or fugitive meaning of words: Stating that unmarried woman is a "sport."*

1. The law is slow to attach a fugitive or local meaning to words in slander actions.  p. 238.
2. The statement that a named unmarried woman was a "sport" does not charge her with having had unlawful sexual intercourse or with being a prostitute.  p. 237.

APPEAL from an order of the circuit court for Polk county: W. R. FOLEY, Circuit Judge. *Affirmed.*

Action for slander. One E. J. Kruse was tried in the municipal court of Polk county on a criminal complaint, a part of which reads:

"I know damn well she (meaning the said *Marjorie E. Grant*) is a sport (meaning and intending thereby to charge that said *Marjorie E. Grant* was guilty of sexual intercourse, and was so understood by his hearers), and if you don't believe it you just try her and you will find out (meaning and intending to charge that if said W. R. Catlin, George Jansen, and H. J. Meeker did not believe that said *Marjorie E. Grant* was guilty of sexual intercourse to try her and they would find out, and was so understood by his hearers)."

The court held the complaint failed to state an offense and dismissed the action. The complaint in the present case alleges that at the close of the criminal trial one *F. E. Yates,* the defendant herein, at that time attorney for the defendant in the criminal action,—

"on leaving the court room, and as he reached the door of the court room, turned, faced the plaintiff, and in a loud voice, and in the presence and hearing of about twenty persons, did falsely and maliciously speak and declare of and concerning the plaintiff the false, scandalous, and defamatory words following, that is to say: 'I will open her (meaning plaintiff) eyes. If she (meaning plaintiff) don't quit

now her reputation will be ruined entirely. It is the truth and we·can prove it,' meaning and intending to charge that the words uttered by said Kruse, as charged in the criminal complaint, were true and that defendant could prove it, and that she had been guilty of unlawful sexual intercourse. That the said statements so made were false and untrue, and were maliciously made by the defendant with the intent of imputing unchastity to plaintiff. That among the persons present at said time were the members of the school board where plaintiff was employed."

The defendant entered a general demurrer to the complaint, which was sustained by the court, and the plaintiff appealed.

*W. T. Doar* of New Richmond, for the appellant.

*W. T. Kennedy* of Amery, for the respondent.

VINJE, C. J.   Some argument was made to the effect that it was by no means clear that the language used by the defendant related to the gist of the charge in the criminal complaint and that it could not be said that he charged her with being a sport. For the purposes of the case we shall assume that defendant's language did relate to such charge. This raises the question whether or not charging an unmarried woman with being a sport charges her with having had unlawful sexual intercourse or of being a prostitute. The trial court came to the conclusion that it did not, and we concur in such conclusion. No dictionary that we have access to, and we have examined Murray's, the Century, the International, and the Standard, gives the word any such significance. In Murray, vol. 9, part 1, page 665, the definition "amorous dalliance or intercourse" is given, but it is marked obsolete. No attempt will here be made to give the dictionary definitions of the word "sport" because in Murray they cover seven closely-printed columns. That in a certain locality among a certain class of persons the word may have the significance alleged is possible. But the word does not have that meaning generally. On the other hand

it may have laudable significance, especially when preceded by the word *good* or *real*. The law is slow to attach a fugitive or local meaning to words in slander actions. Thus our court has held that the word "bitch" applied to a woman does not mean that she has been guilty of sexual intercourse. *K—— v. H——*, 20 Wis. 239; *Robertson v. Edelstein*, 104 Wis. 440, 80 N. W. 724. And in the latter case it was held that local usage could not be invoked to extend its ordinary meaning. The cases of *Hanson v. Feuling*, 160 Wis. 511, 152 N. W. 287, and *M—— v. J——*, 164 Wis. 39, 159 N. W. 551, relied upon by appellant, are easily distinguishable and do not control this case.

*By the Court.*——Order affirmed.