York v. Cole, 190 Wis. 179.

─────────

YORK, Respondent, vs. COLE and another, Appellants.

*April 8—May 11, 1926.*

*Libel: Article in newspaper ascribing complicity of husband in death of wife: Either libelous or innocent meaning possible in article: Question for jury: Evidence: Judicial notice: That Kilbourn is in Columbia county.*

1. Though a libelous article alleged that plaintiff's present whereabouts are unknown to residents of a city not directly alleged as his residence, the court will take judicial notice of the fact that such town is within the county which is alleged to be his home. p. 181.
2. Where the libelous article stated that peculiar circumstances surrounding the death of plaintiff's wife led to disinterment of her remains for an investigation authorized by an insurance company, and that since her death two months previously plaintiff had remarried and was driving an automobile, and that his present whereabouts were unknown, the jury might reasonably say that the publishers intended to ascribe complicity of plaintiff in the death of his wife or an improper interest in her insurance. p. 181.
3. If there is but one reasonable construction to be given to the words used, it is for the court to say whether they are libelous; but if there be a reasonable possibility of the ascribed and libelous meaning being given to the words, it is for the jury to determine whether such meaning was intended and conveyed. p. 181.

APPEAL from an order of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The complaint for libel alleged:

That the plaintiff is and was a farmer residing in Columbia county and of good name and reputation; that defendants were editors, publishers, and proprietors of a newspaper of general circulation published at Baraboo in

Sauk county; that in May, 1925, defendants wilfully and maliciously, with the intent to injure plaintiff in reputation, standing, and business and to hold him up to public contempt and scorn, published in said newspaper the following false and defamatory article:

"*Dig up Body in Mystery Death, Dells.*

"Peculiar circumstances surrounding the death of Mrs. Guy York in Kilbourn two months ago has led to the disinterment of the remains and the woman's stomach has been sent to Madison for an examination, according to reports from the Dells city. The investigation has been authorized by officials of the Beaver Insurance Company.

"Mrs. York was formerly Miss Ethel Johnson. The husband, since the death of his wife two months ago, has remarried and now drives an auto, it is reported. His present whereabouts are unknown to residents of Kilbourn.

"It will probably be a few days before an analysis of Mrs. York's intestines has been completed."

Plaintiff further alleged that the article was false and without foundation except that the plaintiff's wife, Ethel Johnson before marriage, recently died, that the plaintiff recently remarried since such death, and that he owns and drives an auto.

It was alleged by an innuendo that defendants intended to convey to the readers of said newspaper, and it was so understood by such readers, "that the said plaintiff unlawfully caused the death of his said wife by poisoning her; that he had unlawfully collected insurance to which her life was subject; and that in order to avoid arrest had fled from the country."

Also that by reason of such article plaintiff was damaged in name and reputation and caused great mental anguish and distress, all to his damage.

Defendants demurred to the complaint and have appealed from an order overruling such demurrer.

For the appellants there was a brief by *James H. Hill* and

*La Mar & Jenks,* all of Baraboo, and oral argument by *W. T. Jenks.*

For the respondent there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *H. M. Langer.*

ESCHWEILER, J.   Appellants argue that inasmuch as the article in question in no wise specifically charges the plaintiff with having committed any crime in connection with the death of his wife, or that he was the beneficiary of any insurance policy on her life, that an innocent meaning should be given to the expressions used in preference to a construction which would result in charging a crime; also that all the contained expressions should be. construed in the plain and popular sense in which they would naturally be understood, and that, as so construed, no such meaning can be given to them as is ascribed to them by the innuendo.

Although the article alleged that the plaintiff's present whereabouts are unknown to residents of Kilbourn, not directly alleged as his residence, yet we take judicial notice of the fact that Kilbourn is within Columbia county, which is alleged to be his home.   *Kellar v. State,* 174 Wis. 67, 70, 182 N. W. 321.

While it is quite plain that a construction can be reasonably given to this article which would not necessarily ascribe any possible complicity of plaintiff in the death of his wife or improper interest in any insurance upon her life, still it is evident that a jury might, within the field of reasonable construction, taking the article as a whole, nevertheless say that there was some such meaning intended by the publishers and conveyed to the readers.

It has been often held that if there be but one reasonable construction that can be given to the words used it is for the court to say whether or not such be libelous, but if there be a reasonable possibility of the ascribed and libelous mean-

ing being given to them, it then becomes a jury question whether such was intended and conveyed. *Grant v. Yates,* 184 Wis. 236, 199 N. W. 53; *Lubcke v. Teckam,* 179 Wis. 543, 547, 191 N. W. 968; *Lisko v. Retzlaff,* 156 Wis. 247, 248, 145 N. W. 648; *Hofflund v. Journal Co.* 88 Wis. 369, 60 N. W. 263; *Morgan v. Republican Pub. Co.* 249 Mass. 388, 390, 144 N. E. 221; *Washington Post Co. v. Chaloner,* 250 U. S. 290, 293, 39 Sup. Ct. 448.

The demurrer was therefore properly overruled.

*By the Court.*—Order affirmed.

STEVENS, J., took no part.